## MATTESON vs. CURTIS.

An order of a circuit court allowing the defendant in an action to file a supplemental answer, is appealable.

Such an order will not be reversed unless the circuit court exercised its discretion in granting the same to the injury of one of the parties litigant and in violation of the usage and practice of courts of justice.

The court may properly allow a supplemental answer to be filed where it alleges facts material to the case, which occurred after the original answer was filed, or which the defendant could not have known at the time of filing it.

An action in which a judgment had been rendered by a justice in favor of A against B, was pending on appeal before the circuit court when another action was brought in the circuit court in part for the same cause of action. *Held*, that it was not an abuse of its discretion for the circuit court, after the

judgment in the first action had been affirmed on appeal and had been satis-
fied, to allow B to file a supplemental answer in the second action, setting up
such judgment and satisfaction in bar to a part of the relief claimed in that
action.

APPEAL from the Circuit Court for *Fond du Lac* County.

This action was brought to recover damages for several breaches of the plaintiff's close, alleging matters in aggravation of damages. The answer denied all the material allegations of the complaint. The plaintiff obtained a verdict and judgment for $800 damages. On appeal to this court the judgment was reversed and a *venire de novo* awarded, upon the ground that the defendant was not allowed to show certain matters in mitigation of damages. After the case was returned to the circuit court, the defendant moved for leave to file a supplemental answer, stating as to some of the breaches alleged in the complaint, that the plaintiff had, prior to the commencement of this action, recovered damages therefor, in an action before a justice of the peace, from whom the defendant had appealed to the circuit court, and that the judgment of the justice had been affirmed in said court, after the filing of his former answer herein, and execution had been issued thereon and returned satisfied. The court sustained the motion, and from this decision the plaintiff appealed.

*J. M. Gillet*, for appellant.

*J. E. Arnold*, for respondent.

*By the Court*, COLE, J. We are of the opinion that the order of the circuit court allowing the respondent to file a supplemental answer is an appealable one. The supplemental answer in the case sets up matters material to the defense, and an order permitting it to be filed certainly involves the merits of the action, or some portion of it, within the intent and meaning of subdivision 4, section 10, chapter 264, Laws of 1860. It is true that permitting a supplemental complaint or answer to be filed may be said, to a great degree, to be a matter of discretion with the court before which the action is pending, and we should not probably reverse such an order, except when the court had exercised

December 11.

this discretion to the injury of the parties litigant, and in violation of the usage and practice of courts of justice. In the present case we cannot say that there has been any abuse of discretion on the part of the circuit court in allowing the supplemental answer to be filed. As already stated, that answer alleged facts material to the case, which had occurred after the former answer was filed, and which the respondent could not have known when the former pleading was made. We cannot therefore see why the case did not fully come within the provision of our statute which authorizes a court to allow a supplemental complaint or answer to be filed. Sec. 41, chap. 125, R. S., 1858.

The supplemental answer set up a former recovery in bar to a part of the cause of action stated in the complaint. The counsel for the appellant contends that when the respondent first answered he should have set up in bar to the present action the judgment before the justice, if he intended to rely upon it. It is true that judgment was rendered by the justice before this suit was commenced; but it is equally true that the respondent took an appeal from that judgment to the circuit court, and that the case was pending on appeal when he answered. And it appears that it was not until this suit had been tried at the circuit and appealed to this court, that the judgment of the justice's court was affirmed. Now we do not understand that the respondent, when he first answered, could have set up the suit pending on appeal as a bar to this. It was a suit pending which might have been pleaded in abatement if it had been for the same cause of action, but not in bar. And it is very clear that the appellant might have discontinued the former suit which had been appealed, had he chosen to do so, and contented himself with one recovery. If it now seems hard, after the appellant has once tried the suit in the circuit court on the issues made up, and followed it to this court, where it was reversed and a new trial ordered, to have the issues changed by allowing a supplemental answer to be filed, setting up the former suit, it is obvious that the appellant might have readily prevented it by discontinuing such former suit before it was affirmed.

June Term,
1861.

On the whole, we see no reason, for interfering with the order of the circuit court allowing the supplemental answer to be filed on the terms therein stated.

Order of circuit court affirmed.