TOMLINSON vs. NELSON and another.

*June 1 — June 23, 1880.*

ESTATES OF DECEDENTS. *(1) Rights of widow, without order of probate court.*

COUNTERCLAIM OR SET-OFF. *(2) Abatement of set-off, by pendency of previous action. (3) Claims for unsettled partnership affairs.*

1. Under subd. 1, sec. 1, ch. 99, R. S. 1858, the widow of an intestate is entitled to select for herself, from the personal estate, property not exceeding $200 in value, *without any order of the probate court.*

2. Where a claim of defendant is pleaded as a set-off, the pendency of another action by defendant based upon such claim, is a good defense in *abatement*.

3. In an action upon a note belonging to the estate of a decedent, claims growing out of partnership dealings between the decedent and the defendant are not a proper subject of set-off or counterclaim, where there has been no accounting or final settlement of the partnership affairs.

APPEAL from the Circuit Court for *Pierce* County.

Action upon a promissory note for $250, without interest until after due, dated May 10, 1876, payable to Thomas Tomlinson, September 1, 1876, and executed by one Newell and the defendants, *Nelson* and *Paine*. Thomas Tomlinson died before the commencement of the action, and *Mary Tomlinson*, the plaintiff, was his widow. The complaint alleged that plaintiff was the owner and holder of the note, and that there was due thereon the full sum of $250, with interest from September 1, 1876. *Nelson* answered that he signed the note as surety for Newell, without consideration; that the payee, at the time of his death, was indebted to him, said *Nelson*, in the sum of $100, borrowed money, with interest from September 1, 1875, and also in the further sum of $358.40, being one-half of moneys previously advanced by *Nelson* in payment of the joint and several indebtedness of said Tomlinson and said *Nelson;* that no part of either of these sums had been paid; that at the time the note was given, and thereafter until the death of Tomlinson, he, said Tomlinson, was insolvent; that his estate was also insolvent; that said *Nelson* was solvent, and there were other joint and several debts of said Tomlinson and said *Nelson* outstanding, which the latter would be compelled to pay, to the amount of at least $1,000; that the entire joint credits and effects of said Tomlinson and *Nelson*, liable to be applied to the payment of said joint and several indebtedness, did not exceed $200; and that unless said sums were allowed as off-sets to the note in suit, they would be wholly lost to said defendant. The answer also denied plaintiff's ownership of the note.

Tomlinson vs. Nelson and another.

The answer of the defendant *Paine* merely alleged that he signed the note as surety for Newell, and denied plaintiff's ownership.

The court, by which the cause was tried without a jury, found, as facts, 1. That the note was executed as above stated. 2. That it was given as part payment for the interest of Thomas Tomlinson in certain property, belonging to him and *Nelson* as copartners, which interest was, at the date of the note, sold to Newell subject to the debts of said firm; that *Nelson* and *Paine* signed the note as surety for Newell, but with the understanding between Newell and *Nelson*, that if the former should not be satisfied, he might turn over to *Nelson* the interest thus purchased, on the same terms on which he bought it of Tomlinson; and that, after continuing the business until June 29, 1876, Newell retired and *Nelson* took his interest as agreed. 3. That Thomas Tomlinson died November 20, 1876, being then a resident of Pierce county, and that the plaintiff is his widow; that subsequently, and before the commencement of this action, letters of administration of his estate were duly issued; that said Tomlinson left no personal property, except household property, appraised by appraisers appointed for that purpose by the county court, at $55.80, and the note in question, which was appraised at $180; that the administrator set off and delivered to the plaintiff the note in question and said household property, which were accepted by her as her separate property as the widow of Thomas Tomlinson; that the administrator also made a separate inventory of the property so set off to the widow, and returned it with the appraisement to the county court; and that since said property was so set off, plaintiff had been in possession of the note as owner. 4. That no part of the note had been paid, and that there was due thereon $266.50. 5. That on September 1, 1875, *Nelson* loaned Thomas Tomlinson $100. 6. That before the commencement of this action, *Nelson* commenced an action in justice's court against Tomlinson to recover the

$100 so loaned, and judgment in such action was rendered in favor of the defendant therein, which judgment had never been reversed or set aside, but from which an appeal by *Nelson* to the supreme court was still pending and undetermined.

As conclusions of law the court held, that plaintiff was the owner and holder of the note at the commencement of this action, and that she was entitled to recover the amount due thereon. The defendants excepted to nearly all the findings of fact, and to the conclusions of law, and appealed from the judgment rendered in plaintiff's favor.

The cause was submitted on the brief of *J. S. White* and *F. L. Gilson* for the appellants, and that of *P. D. Pierce* for the respondent.

ORTON, J. The respondent claimed ownership of the note in suit by having selected it as part of her legal allowance of $200, in value, of the personal property belonging to the estate of Thomas Tomlinson, deceased, to which she was entitled as his widow.

1. Such selection was strictly her right under the statute, the allowance of which by the administrator was imperative, and no order of the county court was necessary. Subdivision 1, sec. 1, ch. 99, R. S. 1858; *King v. Whiton et al., Ex'rs*, 15 Wis., 684.

2. The set-off of $100, money borrowed by Thomas Tomlinson in his lifetime of the appellant *Nelson*, set up in the answer, was properly disallowed by the circuit court.

The replication to the answer in this particular alleged the bringing of an action by *Nelson* against Thomas Tomlinson for the same claim before a justice of the peace, and the rendition of judgment therein in favor of the defendant, and claimed that such set-off was thereby barred. It was proved on the trial, and the circuit court found, that such proceedings were had as alleged in the replication; and also that an appeal had been taken from such judgment to the circuit court, and was

still pending therein. The judgment appealed from may not have been a good defense in *bar* of the set-off, but as a suit still pending for the same cause of action it was unquestionably a good defense in *abatement* of the set-off in this action. *Matteson v. Curtis*, 14 Wis.; 436.

3. Claims growing out of the partnership business and dealings between *Nelson* and Thomas Tomlinson were not proper subjects of set-off or counterclaim in this action, as there had been no accounting or final settlement of the partnership affairs. · *Linderman v. Disbrow*, 31 Wis., 465.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.