ANN M. WRIGHT & others *vs.* JANE W. WRIGHT.

Under the present statutes of this commonwealth, an appeal in a probate cause lies from the decision of a single judge of this court to the full court in matter of fact as well as of aw.

Although *it seems* that no notice is required by statute to authorize a judge of probate to make an allowance to a widow, except in cases where special administration is granted, yet if such allowance has been made without notice to the parties interested, this court in its discretion will allow an appeal, after the expiration of thirty days, upon a petition filed under Gen. Sts. *c.* 117, § 11.

PETITION for leave to enter an appeal from a decree of the probate court, making an allowance to the appellee out of the estate of her deceased husband, Otis Wright, of Dorchester. The hearing in this court was had before *Gray,* J., who reported the case as follows :

The will was proved on the 7th of October 1865. On the 21st of the same month the inventory was returned, and the widow's petition for an allowance presented and granted. No formal notice of this petition was given ; but the executor (though not, as he testified, undertaking to represent the other parties interested) was present in court, and, in answer to questions of the judge of probate, stated, according to the best of his information, the amount of the property after payment of debts and expenses, (which amount afterwards proved to be only half as much,) the number, age and condition of the testator's children, and the condition and circumstances of the widow. The will was not examined by the judge of probate. The children were three daughters by a former wife, all of age and resident in Dorchester, and the two youngest married. On the 28th of February 1866, the two younger daughters and their husbands for the first time learned from the executor that the allowance had been made, and authorized their husbands to act in the matter, and to carry it into court should they see fit. The husbands asked the executor whether there could be any appeal or re-hearing, who said he did not know, but would ask the judge of probate, and after seeing him told them that it was too late. And they, as one of them testified, did nothing

decisive about it until the return, about the 1st of April, of the eldest daughter, who had been absent at Plimpton, in this commonwealth, and had not been informed of the allowance until notified by letter of one of her sisters on the 28th of March, and on her return told her brothers-in-law to do as they thought fit. They afterwards called upon the judge of probate, who told them that under the same circumstances he should make the same allowance again; and on or just before the 26th of April they consulted counsel, and on that day filed this petition.

It was ordered, without hearing evidence upon the question whether justice required a revision of the case, that the petitioners should not be allowed to appeal, and that the petition should be dismissed. The petitioners appealed to the full court.

*W. S. Leland,* for the petitioners. On principle, a true construction of Gen. Sts. *c.* 96, § 5, requires that notice should be given to all parties interested, before making an allowance to a widow. *Chase* v. *Hathaway,* 14 Mass. 222. Good practice requires this, even though the statute may be silent as to notice. See Gen. Sts. *c.* 93, § 1; *c.* 98, § 9; *c.* 109, § 2. Notice is usually given, if the parties interested are other than the minor children of the deceased. Smith's Prob. Pract. 109. Leave to appeal may and should be granted, on this petition, under Gen. Sts. *c.* 117, § 11. The principle involved is similar to that involved in cases of review, and the statute should be liberally construed as in those cases. See *Coffin* v. *Abbot,* 7 Mass. 252; *Brewer* v. *Holmes,* 1 Met. 288; *Hutchinson* v. *Gurley,* 8 Allen, 23.

*W. Gaston,* for the respondent. No notice is required by statute, in cases like this. The reasons of the law and usage both require parties in interest to keep themselves informed as to the decree of the court. In this case, they were guilty of negligence in suffering so long a time to elapse without seeking information. The executor, who by law represents the estate, was informed of the decree. *Burghardt* v. *Owen,* 13 Gray, 300. *Jenney* v. *Wilcox,* 9 Allen, 248. *Waltham Bank* v. *Wright,* 8 Allen, 121. The petitioners were also in default in suffering so long a time to elapse after being informed of the decree, before filing this petition. See *Kent* v. *Dunham,* 14 Gray, 279. The

judge has not found that the petitioners omitted to claim their appeal without default on their part; and therefore no question of law arises on this report; and on questions of fact no appeal lies. *Higbee* v. *Bacon*, 11 Pick. 423.

GRAY, J.   Under the system established by statute in 1859, regulating the practice of this court in matters of equity and of probate, a party aggrieved by any order or decree of a single judge in an equity or probate cause has the right of appeal to the full court, upon law and fact.   *St.* 1859, *c.* 237, §§ 2, 4, 6 ; *c.* 196, § 53.   Gen. Sts. *c.* 113, §§ 8, 10, 14, 21 ; *c.* 117, § 14. By a rule made by this court, in the exercise of the power conferred by *St.* 1859, *c.* 196, § 49, and Gen. Sts. *c.* 113, § 26, he cannot indeed have all the evidence reported, unless he had previously moved for the appointment of a commissioner to take it. 34th Rule in Chancery, 14 Gray, 359.   But the report of the judge before whom this petition was heard, according to the usual and convenient practice in cases in which the judge is informed that an appeal is to be taken, states the facts on which his decree was based.   All inferences of fact, and questions of discretion, as well as of strict law, involved in that decree, are therefore now before us for revision.   The case of *Higbee* v. *Bacon*, 11 Pick. 423, cited for the appellee, was decided before the statutes of the Commonwealth had made any distinction in this respect between our equity or probate jurisdiction and our jurisdiction at common law.

The allowance which the judge of probate is authorized to make to a widow out of the personal estate of her husband is principally intended for the present support of herself and her family, if any, while the estate is in process of settlement, and is usually moderate in amount, and made by the judge of probate in a summary manner soon after her husband's death. *Washburn* v. *Washburn*, 10 Pick. 375.   *Adams* v. *Adams*, 10 Met. 171.   *Hale* v. *Hale*, 1 Gray, 522.   *Williams* v. *Williams*, 5 Gray, 25.   *Drew* v. *Gordon, ante*, 122.   No notice of the application of a widow for an allowance is required by statute, except upon a grant of special administration ; and the practice of the probate courts in the different counties has not been uniform upon

this subject; although the better practice no doubt is not to make an allowance of any unusual amount without notice to all parties interested. In many cases, notice to the executor is sufficient to protect the interests of all concerned. The express requirement of notice to all parties interested, in the *St.* of 1859, *c.* 143, repealed in the Gen. Sts. *c.* 94, § 9, upon a petition for an allowance to a widow on the appointment of a special administrator pending a suit concerning the probate of a will, is strong evidence that the legislature did not consider or intend that notice should be essential in ordinary cases, as to which the statutes are silent.

The reasons for not making notice an absolute prerequisite to the validity of an allowance also excuse the parties interested in the estate from closely watching the action of the probate court in the matter. The children and creditors of the deceased may be perfectly willing that any reasonable sum should be allowed, and may yet well suppose that no extravagant allowance wil. be made without notice to them, or at least until the condition of the estate is fully understood. Upon further deliberation, we are all satisfied that at the hearing of this petition the petitioners were held to too strict a rule of diligence. If the widow had caused notice to be given to them of her application to the judge of probate, the case would have stood differently. One of the petitioners was not in fact informed of the allowance until less than thirty days before they filed this petition, and all of them may have inferred from the information obtained from the judge of probate that they were without remedy.

The decree dismissing the petition must therefore be reversed, and the petition stand for further hearing upon the question whether justice requires a revision of the case.