Baggs vs. Baggs.

54 95
118 894

MARY E. BAGGS, plaintiff in error, vs. JOHN BAGGS, defendant in error.

1. A husband and wife, with the view to a settlement of difficulties between them, and for the purpose of executing a parol contract made prior to marriage, conveyed the one undivided half of a house and lot to a trustee, upon condition that he should hold the legal title thereto for the benefit of

the wife, the use and occupation of said property to be mutual between the husband and wife during their natural lives, but in the event of the death of the husband first, then the wife to have the right to possess the property during her life or widowhood, and if she married again, the same to be sold and the proceeds divided between the wife and the son of the husband or his legal heirs. It was further stipulated that neither party should have the right to dispose of their interest in the property without the consent of the other; that in the event the wife should die first, the husband was to possess said property during his life; at his death to be equally divided between his heirs and the heirs of his wife, or such persons as she should name by will or otherwise. Subsequently, the husband and wife were divorced without any provision having been made in regard to this property by the decree. The wife then prayed for a partition:

*Held*, that she did not have such an interest in the property as would authorize the granting of the prayer.

2. As the husband and wife cannot now jointly use and occupy the premises, as contemplated by the contract between them, a court of equity, on a bill filed by the petitioner making all persons interested parties, might decree that the property should be rented out by the trustee, and the annual rents thereof divided between them.

Partition. Divorce. Equity. Trusts. Before Judge BUCHANAN. Troup Superior Court. May Term, 1874.

The facts of this case are reported in the decision.

FERRELL & LONGLEY, for plaintiff in error.

B. H. BIGHAM, for defendant in error.

WARNER, Chief Justice.

This was an application for an order to sell a house and lot in the city of West Point for the purpose of having a partition of the same between the parties as tenants in common, the applicant alleging that a fair, equitable division of the house and lot cannot be had without a sale thereof. On the trial of the case, the court held and decided that the applicant for partition did not have such a title and interest in the house and lot as would authorize the partitioning of the same, and refused to grant the application; whereupon, the petitioner excepted.

1. It appears from the evidence in the record that in Au-

Baggs *vs.* Baggs.

gust, 1870, Baggs and wife, for the purpose of settling certain difficulties existing between them, and for the purpose of executing a parol contract between them, made prior to their marriage, conveyed the one undivided half of the house and lot in dispute to Yancy, as trustee, with the understanding that the trustee should hold the legal title to said undivided half of the house and· lot for the benefit of Mary E. Baggs, the petitioner, without any right to control the possession of the same, the use·and occupation of said house and lot to be mutual and joint between Baggs and, his wife during their natural lives, to be a home for both of them mutually; but in the event of the death of Baggs first, then his wife was to have the right to possess and enjoy the house and lot as a home for and during her natural life or widowhood, but if she married again, the house and lot to be sold and the proceeds thereof be equally divided between the said Mary E. Baggs and John A. L. Baggs, the son of said John Baggs, or his legal heirs.    It was also stipulated in said agreement that neither party should have the right to sell, or otherwise dispose of their part or interest in said house and lot without the consent of the other; that in the event the said Mary E. should die first, the said John Baggs was to have the right to possess and occupy said house and lot for a home during his natural life, and after his death to be equally divided between his heirs and the heirs of the said Mary E., or such other persons as the said Mary E. should name by will or otherwise. In 1874 Baggs and his wife were divorced, on her petition therefor, by a decree of the superior court *a vinculo matrimonii*, without making any disposition of this property, or providing for any alimony for the wife out of it.    In view of the facts disclosed in the record, we find no error in the judgment of the court in refusing the application for an order to sell the house and lot for a partition thereof between the petitioner and Baggs, the other party to the post nuptial contract.

2.  Inasmuch as the parties cannot now jointly use and occupy the premises as contemplated by the contract between

them, a court of equity, on a bill filed by the petitioner making the trustee and all persons interested under that contract parties, might decree that the property should be rented out by the trustee, and the annual rents thereof divided between the parties, the trustee holding the title to the *corpus* of the property conveyed to him, for the purposes expressed in the contract. There are other persons interested in the property under the contract besides the petitioner, who may not desire to have the property sold, and it is one of the express stipulations in the contract, that neither party shall have the right to sell or otherwise dispose of their part or interest in said house and lot, without the consent of the other. Without the consent of both parties, the most that a court of equity would probably do, in view of the changed condition of the parties, would be to decree that the property should be rented out for the mutual benefit and protection of all the parties interested in it.

Let the judgment of the court below be affirmed.