HARSHMAN ET AL V. SLONAKER ET AL.

1. **Estate:** ALLOWANCE TO WIDOW: REVIEW OF. An order reducing the allowance made to a widow for her support, under section 2375 of the Code, can only take effect upon the balance of the former allowance unexpended by her at the time the petition for review of such allowance is filed; she cannot be required to account for any portion expended by her while the allowance is unquestioned.

*Appeal from Lee Circuit Court.*

FRIDAY, APRIL 23.

THE defendant Amelia H. Slonaker is the widow of L. M. Slonaker, deceased. The plaintiffs, Frank Harshman and Henry Singer, are creditors of the estate of L. M. Slonaker. They complain of an allowance made to the widow for her support, and also of a purchase made by her at her own sale

of certain real property belonging to the estate. The allowance made was $800. The plaintiffs filed a petition for reviewing and reducing the same, on the ground that it was excessive. The real estate purchased by her was purchased for $750. The plaintiffs aver that it is worth $900, and ask that she be ordered to hold the same in trust for the estate, or be charged with the difference between what she paid and its value.

The court sustained the petition for reviewing and reducing the allowance, and ordered that it be reduced to $350, and that Mrs. Slonaker be held to account for the balance. It also ordered that she be charged with the sum of $85 as the difference between what she paid for the real estate and its value. Mrs. Slonaker appeals.

*Craig & Collier*, for appellant.

*McCrary, Hagerman & McCrary*, for appellees.

ADAMS, CH. J.—Section 2375 of the Code provides that the court may make an allowance to the widow for her support for twelve months. Section 2377 of the Code provides for a review of the allowance, and a reduction of the same if the court shall be satisfied that it is too large.

1..ESTATE : allowance to widow : review of.

It is not expressly provided within what time a petition for the review of the allowance should be filed. But we are not left without an indication. If an allowance is to be reduced it should be done while there is something upon which the reduction could operate. If the administrator has paid over to the widow the amount allowed, and especially if she has expended it, a mere order reducing the allowance would have no effect. The appellant insists in this case that the petition for review was filed too late. It was filed one year and seven months after the order of allowance was made.

No question arises as to whether the amount had been paid

over by the administrator to the widow, as the widow herself was administrator. If there was anything in her hands upon which the reduction could operate, the court might doubtless, in its discretion, make the reduction. There is some evidence tending to show that she has expended her allowance, but it is not important for us to inquire what the fact is in that respect. It is proper that the order for a reduction should stand, and she must respect it to the extent of any unexpended balance of the allowance in her hands. But we think that the court below went too far in making an order that she should account for the amount of the reduction. If she has expended it, such fact does not constitute a ground of recovery against her. The statute affords no warrant for any such proceeding. The creditors can look only to the assets unless the administrator has been guilty of a misappropriation. But the spending of an allowance before it is questioned cannot be deemed a misappropriation, especially if it is not questioned until after the lapse of the year for which the allowance was made.

As to the property bought by Mrs. Slonaker, we have to say that we see no error in requiring her to pay the difference between its value and what she had already paid. Where trustees are charged with the duty of selling trust property they should sell for the best price which they can properly obtain. They cannot become buyers at their own sales without occupying a position inconsistent with their duty as trustees. Such sales, therefore, may be set aside at the option of the beneficiaries. In this case, however, Mrs. Slonaker had made repairs upon the property, and she was allowed to retain it upon paying enough to make the full value thereof at the time she bought.

MODIFIED AND AFFIRMED.