LOIS R. GODMAN ET AL., APPELLANTS, V. MARGARET
F. CONVERSE, APPELLEE.

FILED JANUARY 15, 1895.   No. 5607.

1. Administration of Estates: ACCEPTANCE OF BENEFITS
   UNDER WILL. One who accepts benefits under a will must, as
   a rule, conform to all of its provisions and renounce every right
   inconsistent therewith.

2. ———: ———: ALLOWANCE TO WIDOW. A testator by will left

to his widow certain property accompanied by the following condition: "The bequest to my wife, Mrs. M. F. C., is in lieu of all appropriations that the law would give her, except one year's support, which I desire she shall have." The widow, on proof of the will, filed in the county court an instrument in writing by which she in express terms consented to all of the provisions thereof. She was subsequently allowed support for one year. *Held*, That having elected to accept the provisions of the will she is not entitled to a further allowance for her support pending the settlement of the estate.

3. ———: ———: ———: CONSTRUCTION OF STATUTE. The provision of the first subdivision of section 176, chapter 23, Compiled Statutes, for an allowance to the widow of certain property of her deceased husband "as well when she receives the provision made for her in the will of her husband as when he dies intestate," refers to the property mentioned in that subdivision only.

4. ———: ———: ———. *Godman v. Converse*, 38 Neb., 657, overruled.

REHEARING of case reported in 38 Neb., 657.

*Chas. O. Whedon*, for appellants.

*Marquett, Deweese & Hall*, contra.

POST, J.

A former hearing of this cause resulted in a judgment affirming the order appealed from. (See *Godman v. Converse*, 38 Neb., 657.) A reconsideration was, however, deemed advisable, in view of the fact that the appellee's election to avail herself of the provision made for her by the will of her deceased husband has not received the attention which the importance of the subject suggests. As stated in the opinion heretofore filed, the deceased, by his last will, among other bequests, left to the appellee, his widow, his library, jewels, furniture, and household goods of every description, one buggy and harness, five cows, five horses, and $6,000 in money, beside the use, during her lifetime, of certain real estate in Lancaster county. The

eighth paragraph of the will contains the following provision: "The bequest to my wife, Mrs. M. F. Converse, is in lieu of all appropriations that the law would give her, except one year's support, which I desire she shall have." On the day set for the proof of the will the following record, among others, was made by the county court:

"Whereupon Margaret F. Converse, widow of said Joel N. Converse, deceased, filed the following acceptance, to-wit:

"In County Court within and for Lancaster County.

"IN THE MATTER OF THE LAST ⎫
WILL AND TESTAMENT OF JOEL ⎬
N. CONVERSE, DECEASED. ⎭

"Now comes Margaret F. Converse, and hereby consents to all the provisions of said will this day proved and allowed in said court, and asks that this, her consent, be entered upon the records of said court, and the said Margaret F. Converse also requests that N. B. Kendall be appointed by said court as joint executor with her.

"MARGARET F. CONVERSE."

It is further shown by the records of the county court that the appellee was allowed on her own application the sum of $600 out of the estate for one year's support. That the property left by the deceased was ample for the payment of the several bequests is a proposition not controverted on this appeal. The question is, therefore, fairly presented, whether the appellee, by her unequivocal acceptance of the provisions in her favor will be held to have confirmed and ratified the conditions imposed upon her by the testator. The general rule is thus stated in 1 Jarman, Wills, *415: "He who accepts a benefit under a deed or will, must adopt the whole contents of the instrument, conforming to all of its provisions and renouncing every right inconsistent with it." The right of election by the widow in like cases, as said in *Lessley v. Lessley*, 44 Ill., 527, rests upon the ground that "The wife has an interest in the es-

34

state of the husband, of which he cannot deprive her by will, or otherwise, without her consent, and when he attempts to do so she has the right to elect whether she will take the provision made for her by the will or renounce it and hold such rights in his estate as the law gives her. She cannot claim a portion of the provisions of the will and reject others, and claim under the statute. She must claim alone, under the will or altogether independent of its provisions." And to the same effect see 2 Redfield, Wills, 352; 2 Herman, Estoppel, ch. 17; Bispham, Equity Jurisprudence, 295; *Stevenson v. Brown*, 4 N. J. Eq., 503; *Hyde v. Baldwin*, 17 Pick. [Mass.], 303; *Smith v. Smith*, 14 Gray [Mass.], 532.

The appellee evidently regarded the provisions of the will as more beneficial to her than the rights conferred by law, and that fact we must assume was the inducement which led her to elect in favor of the will rather than to take under the statute. The only right conferred upon her by the will, in addition to the specific bequests, is the right to support for one year. If she may now reject the provision with respect to her support pending the settlement of the estate, she may, it seems, by an application of the same principle ignore other conditions of the will and successfully prosecute a claim of dower notwithstanding the liberal bequests in lieu thereof. Our conclusion from this examination is that the case of *Baker v. Baker*, 57 Wis., 382, cited in the former opinion, is not applicable to the facts of the case before us, first, because there was therein no provision similar to the one under consideration whereby the bequests are declared to be in lieu of the appellee's rights under the statute, and, second, there was not in that case, as in this, a formal consent to all of the conditions of the will. It would seem that statutory provisions for the support of the testator's widow and children could not be waived by the act of a single member of the family so as to prevent the others from asserting their rights. The

principle which underlies the law of election in all such cases is that of estoppel, which applies only to parties to the transaction and those in privity with them. But a discussion of that question is unnecessary at this time, since the appellee, judging from the will, is the only surviving member of the testator's family, and it is not claimed that she was under any disability at the time of her election to avail herself of the provisions of the will.

We are referred in this connection to the first subdivision of section 176, chapter 23, Compiled Statutes, which reads as follows: "The widow, if any, shall be allowed all the articles of apparel and ornament, and all the wearing apparel and ornaments of the deceased, the household furniture of the deceased, not exceeding in value $250, and other personal property to be selected by her, not exceeding in value $200; and this allowance shall be made as well when the widow receives the provision made for her in the will of her husband as when he dies intestate." The proviso contained in the last sentence quoted, it is claimed, applies as well to the provision for the support of the widow as to the property contemplated by the subdivision above set out; but a proviso, unless a different intention is apparent from the act itself, will be construed as referring to what immediately precedes it only. (See *School District v. Coleman,* 39 Neb., 391.) It is apparent, therefore, that the language quoted cannot, by any reasonable or natural construction, be held applicable to the provision for the support of the widow, which is found in the second subdivision of the section mentioned. It follows that the application for the additional allowance to the appellee, pending the settlement of the estate, should have been denied, and that the order of the district court confirming the allowance by the county court should be

REVERSED.