H. E. McDOWELL, EXECUTOR, v. FIRST NATIONAL BANK OF SUTTON ET AL.

FILED FEBRUARY 22, 1905. No. 13,718.

1. **Executors: EXPENSES OF LITIGATION.** Where an executor in good faith expends money for court costs and attorney's fees in an honest effort to prosecute a claim in favor of the estate, he is entitled to recover for such expenses, although his suit in such behalf may be unsuccessful.

2. ———: ———. But where an executor or administrator advances money for court costs and attorney's fees for his own benefit or for the benefit of those whose claims are adverse to the estate, he cannot recover against his estate for such advances.

3. **Pleadings: JUDGMENT.** *Held,* That the pleadings in this proceeding are not sufficient to warrant a personal judgment against the executor.

ERROR to the district court for Clay county: GEORGE W. STUBBS, JUDGE. *Judgment modified.*

*J. L. Epperson & Sons* and *Robert Ryan,* for plaintiff in error.

*T. H. Matters, contra.*

OLDHAM, C.

On the first day of December, 1895, John Wier departed this life testate in the county of Clay and state of Nebraska. H. E. McDowell, the plaintiff in error in this cause of action, was named as executor in the last will and testament of deceased, and duly qualified and entered on the discharge of his duty as such executor. The deceased was possessed of considerable property, both real and personal, at the time of his death, and was also largely indebted to numerous creditors. Among other items of his indebtedness was a note to the Commercial State Bank of Clay Center for $1,789.45, drawing 10 per. cent. interest, in which Adam Wier was principal and deceased was security. This note was allowed as a claim against the estate on the 29th day of June, 1896, the amount of the note and interest then being $1,895.81. Other claims were filed and allowed against the estate, among them the claims of the First National Bank of Sutton for $3,000 and the Union State Bank of Harvard for $1,000, and also notes to the Commercial State Bank for individual money borrowed by deceased. On the 5th day of December, 1896, the Commercial State Bank took a judgment against Adam Wier, principal on the note filed and allowed against the estate of John Wier, in the district court for Clay county, for the sum of $1,972.85, the amount then due on the note and interest. At the time this judgment was rendered, Adam Wier was the owner of 240 acres of land situated in the county of Clay, on which the judgment became a lien, and in which the interest of Adam Wier, according to the evidence, was sufficient to pay and discharge the judgment in full. In winding up the estate of the deceased, it proved to be insolvent. Dividends, however, were made on the claims allowed by the order of the court as follows: March 4, 1898, 12½ per cent.; November 5, 1898, 32½ per cent.; March 27, 1899, 11 per cent. From these dividends there was paid to the Commercial State Bank from the estate

of John Wier the sum of $1,052.11 on the note which he signed as surety for Adam Wier. H. E. McDowell, the executor of John Wier's estate, was also president of the Commercial State Bank during all the time he acted as executor. After these payments had been made on the note, the Commercial State Bank entered into an arrangement with Adam Wier to loan him money to pay off a mortgage on 160 acres of the land owned by him, and after such transaction released and satisfied their judgment against Adam Wier on payment by him of the balance of the judgment. On August 30, 1899, the executor filed a petition in the county court rendering an account of the money received and disbursed as executor of the estate, and asking for his final discharge. Objections were filed to the discharge of the executor by the defendants in error in this case and another creditor. These objections were sustained by the county court, and the cause taken on appeal by the executor to the district court for Clay county, where a hearing was had on June 21, 1900, which resulted in the following judgment and findings: That on July 24, 1895, Adam Wier, who was principal and John Wier, who was surety, made their joint note to the Commercial State Bank for $1,789.45, drawing 10 per cent. interest; that the relation of principal and surety was known to the bank, though not disclosed in the note; that this claim was filed and allowed against the estate of John Wier, of which H. E. McDowell was then the executor; that on December 5, 1896, the bank also took a judgment on said note against Adam Wier in the district court for Clay county for the sum then due; that at said time Adam Wier was the owner of land in Clay county (describing it) on which land the judgment was a lien; that during the said transactions H. E. McDowell was and still is president of said Commercial State Bank, and that said bank and all its officers had full knowledge of all facts complained of by the objecting creditors. The court then finds the amount paid on the note from the estate of John Wier

to have been $1,052.11, and found, as a legal conclusion, that the estate of John Wier became subrogated to the rights of the Commercial State Bank in said bank's judgment against Adam Wier to the extent of the amount paid thereon by said estate; that on March 29, 1899, the Commercial State Bank released the judgment of $1,972.85, and thereby rendered it impossible for the estate of John Wier, deceased, to collect the sums advanced by H. E. McDowell, executor of the estate, out of the property of Adam Wier, the principal in said note, and that the Commercial State Bank thereby became liable to the estate of John Wier for the value of the interest of the estate of said John Wier in said judgment. The court thereupon ordered the executor to proceed to collect from the Commercial State Bank of Clay Center the value of the interest of John Wier in the judgment rendered in the district court for Clay county in favor of the Commercial State Bank and against Adam Wier. No exception was taken to any of these findings, and the executor acquiesced in the order and judgment of the court, employed counsel, as he alleges, to bring a suit against the bank of which he was president in the district court for Clay county. A petition was drafted in pretended compliance with the order, which omitted to allege that Adam Wier was principal in the note and John Wier, deceased, was merely a surety. The objecting creditors, who are defendants in error in this cause, appeared in this proceeding, filed an intervening petition, and from the evidence it is fair to say that they requested the executor to file a petition properly stating his cause of action against the Commercial State Bank, and on his refusal to do so they afterwards withdrew from the cause then pending, by leave of court, without predjudice. It fairly appears from the record that the executor employed counsel not only to file a petition for him, but also consulted with officers of the bank in getting other counsel to properly defend the bank. When the petition was presented, a demurrer was filed which was sustained by the court, and the executor

pleading no further the cause was dismissed. The executor thereafter filed his supplemental petition in the county court, alleging his compliance with the order of the district court in the bringing of the suit, and asked for an accounting and final discharge. His petition was granted, and his discharge ordered by the county court, and the objecting creditors, who are now defendants in error, appealed from this order to the district court for Clay county, where trial was had on November 21, 1903, resulting in the following findings and judgment: That the judgment rendered by said district court June 21, 1900, is in full force and effect; that the requirement that the executor bring suit against the Commercial State Bank of Clay Center has not been complied with; that the executor at the time he brought said suit was president of the Commercial State Bank of Clay Center and the chief stockholder therein; that said executor neglected, failed and refused to set forth and make the material allegations set forth in said decree, and that this omission was purposely and wilfully made; "and the court finds that, by reason of said neglect, refusal and failure to prosecute said action as directed by said court on the 21st day of June, 1900, H. E. McDowell is personally liable to the estate of John Wier, deceased, in the sum of $1,052.11 principal, and $367.45, interest thereon." The court further found that the order of the court made June 21, 1900, was not properly complied with, and that the executor is not entitled to be discharged, and is accordingly refused such a discharge until such order is properly complied with. The court also refused to allow the executor costs and attorney's fees expended in the litigation against the Commercial State Bank, and in seeking to procure his discharge as executor. To reverse this judgment the executor brings error to this court.

The complications arising in this case are singularly illustrative of the wisdom of the scriptual lesson: "No man can serve two masters, for either he will hate the one, and love the other, or else he will hold to the one and

despise the other." Here was an executor of an estate, and at the same time a president and one of the managing officers of a bank, having, with others, claims against the estate. In such a position it was plainly the duty of the executor to execute his trust with an eye single to the interests of the estate, and, when a conflict arose between the interests of the two, his duty was to guard the interests confided in him as executor, and, if need be, to forget his relation to the bank. When the order of June 21, 1900, was made on him by the district court for Clay county, and he acquiesced in it without murmur or objection, it was his duty to prosecute a suit honestly, conscientiously and diligently against his bank, and recover, if possible, the claim of the estate against the bank by reason of its release of the judgment against Adam Wier. This the trial court, after hearing the testimony, held that he failed to do, and we are unable to say, after an examination of the record of the case, that this finding is not supported by sufficient competent evidence.

We are also unable to say, from an examination of the bill of exceptions, that the evidence is not sufficient to sustain the finding of the trial court that the moneys expended for attorney's fees and costs in the effort to procure his final release as executor, and in pretending to prosecute the suit against the Commercial State Bank, were not expended for the benefit of himself and the bank, rather than for the benefit of the estate. We admit, as contended by counsel for plaintiff in error, that where an executor in good faith expends money in prosecuting a claim for his estate, either in the payment of costs or in the employment of counsel for a reasonable consideration, he is entitled to be reimbursed for these expenses, although his suit may have been unsuccessful. But, on the other hand, the authorities are uniform that if the executor or administrator expends money for attorney's fees or costs for his own benefit, or for the benefit of others whose interests are antagonistic to the estate, he is not entitled to recover for such advances against his estate.

It is contended, however, by counsel for plaintiff in error, that even if every fact that could have been alleged in the order of the district court of June 21, 1900, had been incorporated in the petition, the suit would still have been unsuccessful. It will be time enough to deter-- mine this contention when a proper effort has been made, and all the material facts have been set out in a petition as directed by that decree.

It is also further contended, and we think with much weight, that the court exceeded his authority, under the issues involved in the controversy, when he found the executor personally liable for all the money and interest that had been paid by the estate on the note on which deceased was surety. We think there is no pleading in the record sufficient to warrant the trial court in sur- charging the claims of the executor for the money and interest paid on the note in controversy. The proper measure of the liability of the executor of the estate would be the loss, if any, which the estate sustained by reason of the failure of the executor to promptly and diligently prosecute a suit in its behalf against the bank as directed by the order of the district court.

We therefore recommend that the judgment of the dis- trict court be modified by reversing so much thereof as adjudged the executor, H. E. McDowell, personally liable to the estate of John Wier in the sum of $1,052.11 principal, and $367.45 interest, and that the judgment as so modified be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is modified by reversing so much thereof as adjudged the executor, H. E. McDowell, personally liable to the estate of John Wier in the sum of $1,052.11 principal, and $367.45 in- terest, and the judgment as so modified is affirmed.

JUDGMENT ACCORDINGLY.