IN RE ESTATE OF WILLIAM FLETCHER.

MARY J. FLETCHER, APPELLANT, V. WALTER S. FLETCHER
ET AL., APPELLEES.

FILED JANUARY 9, 1909.   No. 15,387.

1. **Homestead:** ACCOUNTING BY SURVIVOR. A widow need not account to the estate of her husband for the rents and profits of their homestead which have accrued subsequent to his death.

2. **Executors and Administrators:** INVENTORY. The inventory filed by an executrix is not conclusive, but is open to explanation or denial.

3. ———: ACCOUNTING. The executrix will not be given credit in her account for money expended for her personal advantage concerning said estate.

4. ———: ALLOWANCE TO WIDOW. The widow of a testator is entitled, under subdivision 1, sec. 176, ch. 23, Comp. St. 1905, to the chattels therein specified, and also to $200 in cash from her husband's estate, and said property is not assets of the estate in the hands of the executor.

5. ———: ———: FINAL ORDER. F. by his last will and testament, which was duly probated, devised all of his property to his wife during her natural life, and named her as executrix, with succession in said office to a son after her death. Subsequent to that time said property is to be sold and the proceeds divided

among four devisees.  More than a year subsequent to her appointment as executrix the widow applied to the county court for maintenance from said estate.  Notice was not given of the filing or presentation of said application, nor was the time for the settlement of said estate extended.  The court allowed $25 a month, pending said settlement, to be paid from the assets of said estate.  Thereafter a devisee secured a modification of said order so that from said date the allowance was to be paid only out of the income from said estate.  An appeal was not prosecuted from either of said orders.  *Held*, That the order as modified was valid, binding all persons interested in said estate.

6. **Cases Reviewed.** *Estate of James v. O'Neill*, 70 Neb. 132, distinguished, and *Rieger v. Schaible*, 81 Neb. 33, approved.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE.  *Reversed.*

*J. E. Addie* and *R. D. Brown,* for appellant.

*R. M. Proudfit* and *R. P. Anderson, contra.*

ROOT, J.

Appeal from a judgment of the district court for Saline county, modifying a judgment of the county court settling and allowing the final account of Mary J. Fletcher as executrix of the last will and testament of her husband. William Fletcher, deceased.  The executrix appeals.

1. The attorneys who appeared for the executrix have requested that their names be stricken from the docket as her attorneys, and from the briefs filed herein.  No one appeared to argue the case for the executrix, but the briefs referred to are still on file, and, there not being any evidence before us that appellant has elected not to urge the errors assigned, we have concluded not to affirm the judgment under rule 2 of this court.

2. William Fletcher died August 7, 1904, and his last will and testament was duly probated September 7 of that year.  The widow is therein given, during her natural life, all property, real and personal, of the testator, and is appointed executrix of said will, with succession in said office to Walter Fletcher, a son of the deceased.  After

the death of the widow the property of the deceased husband is to be sold and the proceeds equally divided among four children. The testator directs that his debts and the expense of administering his estate shall be paid out of his personal property, and, if that is insufficient, the executrix is authorized to sell so much of his real estate as may be necessary to supply the deficiency. Three hundred and fifteen dollars and thirty-five cents in claims were allowed against said estate. The executrix appealed from the allowance of one claim, and on the 14th day of December, 1905, it was disallowed in the district court, but at the costs of the estate. There then remained, exclusive of costs incurred, but $70 in claims against said estate.

On the 2d day of January, 1906, on the widow's application, and without notice to the other devisees under the will, the county court granted her an allowance of $25 a month out of the assets of the estate from the date of the testator's death until the close of her administration for the support of herself and a minor child, said to be under 14 years of age. In June, 1906, said Walter Fletcher applied to the county court for a revocation of said order because it was made *ex parte,* without notice, and for the further reason that the widow was in possession of the estate of the deceased; that to permit the order to stand would necessitate a sale of a portion of the real estate of the deceased and thereby defeat the intention of the testator as evidenced by his will. June 11, 1906, the county judge modified the order first made by him, so that from said date the widow's allowance would not be a charge on anything other than the income from the estate, and directed her to forthwith file her final report. An appeal was not taken from this order. In September, 1906, the executrix filed her report, claiming a balance of $654 due her from the estate. Objections were filed thereto, and the county judge disallowed some of the items, so that there was found to be due the widow $504.51. The devisees appealed, and the district court disallowed the

item of $200 selected and claimed by the widow under subdivision 1, sec. 176, ch. 23, Comp. St. 1905, $75 attorney fees paid by her, and all of the allowance for support for herself and child. Some questions other than the disallowance of said items are also presented.

3. It is claimed that the widow should account for rent received by her for the use of a house and two lots in the city of Crete. The court found that said property was the homestead of the deceased, and that finding is sustained by the evidence. The widow, upon her husband's death, became seized of a life estate in said homestead, and she need not account for the use thereof or the rents accruing subsequent to her husband's death. *Durland v. Seiler*, 27 Neb. 33.

4. The widow claimed that an item of $95.40 cash included in the inventory of the estate was not received by her. It is suggested that she is absolutely bound by the inventory, but we do not so understand the law, but that the inventory is open to denial or explanation. *Cameron v. Cameron*, 15 Wis. 1, 82 Am. Dec. 652; *Stewart's Estate*, 137 Pa. St. 175; *Baker v. Brickell*, 87 Cal. 329.

5. The executrix claims credit for seventy-five dollars paid by her to attorneys in securing her allowance and in defending the son's application for the annulment thereof. She cannot charge the estate for moneys expended for her personal benefit and those items were properly disallowed. *McDowell v. First Nat. Bank*, 73 Neb. 307.

6. The item of $200 cash selected by the widow was properly allowed by the county court, and improperly disallowed by the district court. Comp. St. 1905, ch. 23, sec. 176, subd. 1. Section 200, ch. 23, *supra*, provides that the personal property aforesaid shall not be considered assets in the hands of executors or administrators. The allowance above referred to is in the nature of a specific exemption. *Godman v. Converse*, 43 Neb. 463; *Tomlinson v. Nelson*, 49 Wis. 679; *Jackson v. Wilson*, 117 Ala. 432, 23 So. 521; *Western Nat. Bank v. Rizer*, 12 Colo. App. 202. Counsel argue that sections 152, 153, 154, ch. 23,

*supra,* control the instant case, and that they do not provide that the widow of a testator shall receive $200 or any personal property, and that section 176, *supra,* relates solely to estates of those dying intestate. All of the cited sections were contained in one comprehensive act of legislation. Section 176 specifically provides that the allowance therein referred to shall be made without regard to whether the husband died testate or intestate, and we are not justified in ignoring the plain letter of the law.

7. The devisees other than the widow claim that she is not entitled to an allowance for support pending settlement of the estate. It is suggested that the order for her maintenance was made without notice; that the will of the deceased confined the widow's support to the rents and profits of his estate; that the order for maintenance was not made within the time fixed for the settlement of said estate, nor was the time extended therefor; and that the orders for allowance were interlocutory and did not conclude the estate. The statute is silent concerning notice of the application of a widow for an allowance from the estate of her deceased husband. Such notice is not jurisdictional, although the executor or administrator, ordinarily, ought to be notified, but not necessarily by citation or service of process. *Freeman v. Washtenaw Probate Judge,* 79 Mich. 390; *Bacon v. Judge of Probate,* 100 Mich. 183; *Babcock v. Probate Court,* 18 R. I. 555; *In re Dougherty's Estate,* 34 Mont. 336; *Morgan v. Morgan,* 36 Miss. 348. At one time the Massachusetts statutes required notice of the making of such application. Said law was repealed, and it was thereafter held, in *Wright v. Wright,* 95 Mass. 207, that notice was not necessary. In Georgia the statute provides that the widow of a deceased person or the guardian of his minor children, or any other person in their behalf, may apply to the probate judge for the appointment of appraisers to make an allowance for the support of such widow or minor children, and that notice shall be given to the representatives of the estate. *Held,* That the special administrator might make such ap-

plication and that his act was notice to the estate. *Mackie, Beattie & Co. v. Glendenning,* 49 Ga. 367; *Baggs v. Baggs,* 54 Ga. 95. The order was not void because notice was not given.

The will of William Fletcher did not restrict either the widow or her child to the income of the estate for their support pending the settlement of his estate. Section 152, ch. 23, Comp. St. 1905, cited by appellees does refer to personal estate and the income of the real estate of a testator as the source for payment of the allowance for the widow and minor children, but section 155 imposes a liability on the estate, real and personal, received by devisees, to pay "debts, expenses of administration and family expenses," and we are of opinion that a consideration of all of the sections of chapter 23, *supra,* warrants the conclusion that the maintenance of the widow and minor children of a testator pending the settlement of his estate may be charged upon the real estate itself, if the income therefrom and the personal property be insufficient for the payment thereof and the other expenses of administering such estate. We have not overlooked *Godman v. Converse,* 43 Neb. 463, but the court was there concerned solely with section 176, ch. 23, *supra,* and the testator had explicitly restricted the widow to her bequest, which was generous, for her support. Judge POST was of opinion that the widow was put to her election to renounce the will and take under the law, or remain content with the allowance made for her benefit. In the instant case the will did not in terms exclude the widow from the statutory allowance pending the settlement of the estate.

The executrix did not render her account or settle the estate within one year of her appointment, and the allowance referred to was made subsequent thereto. Nor did the county court extend the time for such settlement. It will be observed that the testator's will contemplated that, as far as possible, the estate should be held intact until the death of his wife, because he has provided for

14

an executor to succeed her in that event, and has directed a sale of his property thereafter to the end that the proceeds thereof may be divided among certain devisees. The statute limiting the time within which the estates of decedents shall be settled was not designed to frustrate or render nugatory any lawful provision of a will, and does not control the case at bar. *Scott v. West,* 63 Wis. 529; *Ford v. Ford,* 88 Wis. 122. The court acted within its jurisdiction in making the allowance.

The order granting the widow an allowance was appealable, and until modified was conclusive on all parties in interest. *In re Estate of Stevens,* 83 Cal. 322; *Curtis v. Schell,* 129 Cal. 208; *Strauch v. Uhler,* 95 Minn. 304. The devisees cite *Estate of James v. O'Neill,* 70 Neb. 132, to the effect that said order was interlocutory and could therefore be assailed at the hearing on the executrix' final report. The cited case was dismissed because this court did not have jurisdiction to hear it on appeal, and any suggestions made therein on any other subject were dictum merely. The third paragraph of the syllabus in that case was unnecessary, but, when read with reference to the authorities cited in support thereof, suggests that an order fixing a widow's allowance may be modified as to future support. In such case the modification, where the first order was not secured by fraud, will relate to future, and not accrued, allowance. *Baker v. Baker,* 51 Wis. 538; *Ford v. Ford,* 80 Wis. 565; *Harshman v. Slonaker,* 53 Ia. 467. In *Rieger v. Schaible,* 81 Neb. 33, we held squarely that an order allowing the surviving widow an allowance against the estate of her deceased husband was appealable. An appeal was not prosecuted from the last order made by the county judge and it is binding on the widow.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.

DEAN, J., not sitting.