IN RE ESTATE OF MARY HELEN LEAVITT.

MAUD HAYWARD WATKINS, APPELLEE, V. MYRON D. SMITH AND WILSON O. BRIDGES, EXECUTORS, ET AL., APPELLANTS.

IN RE ESTATE OF LIZZIE O'SHEA.

JOHN J. O'SHEA, APPELLEE, V. HENRY J. BREUNIG ET AL., APPELLANTS.

FILED DECEMBER 14, 1909. NOS. 15,853, 15,670.

Executors and Administrators: ALLOWANCE TO HEIR. Under the provisions of section 176, ch. 23, Comp. St. 1905 (Ann. St. 1903, sec. 5041), as it stood before the amendment of 1907, the heir at law of the deceased, if there be no surviving husband and wife, is entitled to the specific articles described therein, whether the deceased dies testate or intestate, or whether the heir accepts the provision made for him in the will, if any, or not. Such, also, is the case with the surviving spouse. *In re Estate of Fletcher*, 83 Neb. 156.

APPEAL, in *In re Estate of Leavitt*, from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*F. A. Brogan* and *G. W. Shields*, for appellants.

*W. R. Patrick* and *B. S. Baker*, contra.

REHEARING, in *In re Estate of O'Shea*, of case reported, *ante*, p. 156. *Rehearing denied.*

LETTON, J.

Mary Helen Leavitt died in the county of Douglas leaving a last will and testament, by the terms of which she bequeathed specifically to various legatees certain jewelry, ornaments, paintings and personal wearing apparel. She also directed that a diamond brooch and other jewelry should be sold by her executors, and the proceeds turned into her general estate and used for the purpose of paying the cash legacies provided for by the will. A

number of bequests, payable in cash, were made to various charities and benevolent institutions, among which was the Women's Christian Association, and this association was also made residuary legatee. After the probate of the will a petition was filed by Maud Hayward Watkins, setting forth that she was niece, next of kin, and sole heir at law of the deceased. The petition set forth specifically the articles of wearing apparel, ornaments and household furniture left by the deceased, and prayed that an order be made by the county court assigning and distributing to her all such articles, as well as her selection of $200 worth of personal property of the estate in addition thereto. The executors resisted this petition, and answered, alleging that all ornaments and personal property were lawfully disposed of by the last will and testament of the deceased to other persons, and denied the petitioner's right to any of the property except a cash legacy of $100 left to her by the will. The Women's Christian Association also answered that the diamond brooch and other articles of jewelry by the terms of the will were directed to be sold to pay cash legacies, and that the residue of the entire estate had been bequeathed to it for a specific purpose, and further denied that the petitioner was entitled to any of the personal property except the cash legacy. The court found that the property belonged to the petitioner, who was the next of kin, and granted the prayer of the petition.

The question presented is identically the same as that disposed of by the court in the case of *In re Estate of Fletcher*, 83 Neb. 156, and *In re Estate of O'Shea, ante,* p. 156, in which latter case a motion for rehearing is now pending. For convenience this motion will be considered in connection with the argument in this case.

Counsel for appellants contend that, where specific articles of property included within the class mentioned in the first subdivision of section 176, ch. 23, Comp. St. 1905 (Ann. St. 1903, sec. 5041), to wit, "wearing apparel and ornaments and household furniture of the deceased, and

all property and articles that was or were exempt  *  *  *
from levy or sale upon execution or attachment" have
been disposed of by the last will, the provisions of the
section do not apply, and that it is only when the prop-
erty is *intestate property,* meaning by this, property
which has not been disposed of by the will, that it can
be lawfully assigned under this .provision.  He further
contends that the following portion of this section, "And
this allowance shall be made to such surviving husband
or wife or heir or heirs at law as will [well] when he or
she or they shall receive provision made in the will of
the deceased as when the deceased dies intestate," means
that these specific articles were to be given to the sur-
viving spouse or heirs if the articles are not mentioned
in the will, even though the surviving wife or husband
or heirs had received some provisions made for them in
the will, because they fall within the class of intestate
property.  If the language of this section stood alone,
or if it had never received judicial construction or in-
terpretation heretofore, this argument might be worthy
of much consideration.  But we are convinced that the
law is too well settled to permit the adoption of this con-
struction.  While the question is not a new one, on ac-
count of the fact that the amendment .of 1901 giving an
allowance to heirs seems to have given rise to much litiga-
tion and controversy, we have investigated at some length
the origin of this provision.  It was declared. in Magna
Charta that "the widow may remain in the mansion
house of her husband forty days after his death, within
which term her dower shall be assigned."  In America
the tendency from the earliest times has been to greater
liberality in respect to the widow's portion.  Since the
origin of our probate law is to be found in the statutes of
Massachusetts, a consideration of the legislation in this
connection in that province and state may be interesting.
By a law of the province passed in 1710 it was provided
that every judge of probate "is hereby directed to have
consideration, and make allowance of necessary bedding,

utensils and implements of household, necessary for the upholding of life, to the use of the wife and family of the deceased, where provision is not made for the wife in that respect by will," and it was further provided that such bedding, utensils and implements should not be accounted assets in the hands of the executor or administrator. Ancient Charters and Laws of Massachusetts Bay, ch. 100, sec. 2, p. 390. By chapter 36, Laws and Resolves of Massachusetts, 1783, in an act directing the descent of intestate estates, it was provided: "And when the personal estate shall be insufficient to pay the debts and funeral charges of the deceased, the widow shall nevertheless be entitled to her apparel, and such other of the personal estate as the judge of probate shall determine necessary, according to her quality and degree; and such part of the personal estate as the judge may allow the widow, shall not be assets in the hands of the executor or administrator." In Laws and Resolves of Massachusetts, 1805, ch. 90, sec. 2d, p. 508, we first find the language of the Nebraska statute: "When any person shall die possessed of any personal estate, or of any right or interest therein, not lawfully disposed of by last will, the same, after" making the allowance to the widow, shall be distributed, etc.

In 1835 the general statutes of Massachusetts were revised by a commission. The law relating to decedents was revised and codified, and was included in the Revised Statutes of 1836. The first sentence of section 1, ch. 64 of this revision, is identical with the language we are considering, apparently applying alone to intestate estates, and the remainder of the section treats of the same matters as does the section in our statute, although a different disposition is made as to the property. By chapter 65, sec. 4, it was provided that the articles of apparel and ornaments of the widow and the apparel of the minor children, if any, and such provisions and other articles as shall be necessary for the reasonable sustenance of the widow and family for 40 days after the death of the de-

ceased, together with such further necessaries as the judge of probate shall order allowed, should be omitted in the inventory, and not be considered as assets, whether the deceased left a will or died intestate. In 1838 the law was slightly changed so as to express more fully that such articles should be considered as exclusively belonging to the widow or child respectively, and should not be considered assets. From this resume it will be seen that the allowance at first could only be made from intestate estates, but afterwards from both testate and intestate. As in our statute, the provisions of chapter 64 and chapter 65 seem somewhat inconsistent, but in *Williams v. Williams,* 5 Gray (Mass.) 24 (1855), construing the statute, it was decided that the power is not limited to intestate estates, that the allowance is given in all cases, whether there is a will or not, and whether the widow waives the provisions of the will or not.

The probate system of Massachusetts was adopted by Wisconsin. In the case of *Baker v. Baker,* 57 Wis. 382, this section is considered. As in this case, the argument was made that the section limited the allowance to intestate estates, or to that portion of the estate of a testator which had not been disposed of by the will. The court pointed out that the introductory sentence of the section, "When any person shall die possessed of any personal estate, or of any right or interest therein, not lawfully disposed of by his last will, the same shall be applied and distributed as follows," is followed by a number of subdivisions containing specific provisions applicable alike to testate and intestate estates, and further calls attention to other sections in the law relating to inventory, etc., which, when construed in connection with this, show clearly that the allowances must be made from all estates, whether testate or intestate, and that the specific property mentioned does not become assets in the executor's hands.

The provisions of this section, as was pointed out in the concurring opinion by Judge ROOT in *In re Estate of*

*O'Shea, ante,* p. 156, have been the law of Nebraska since before its existence as a state, and so also has section 5065, Ann. St. 1907, as to such property not being assets of the estate. In its original form provision was made for the widow alone. The purpose of the law was to provide for the immediate necessities of the widow and family when deprived of their natural protector, to protect the helpless from the assaults of greedy creditors, and to provide a temporary relief for those placed in such an unfortunate position.

The courts as a rule construe such provisions liberally in line with their benevolent purpose. In some states no appeal can be taken from the order of allowance. *Leach v. Leach,* 51 Vt. 440; *Pope v. Haye,* 30 Ga. 539. The courts will not inquire into the need of the recipient as to the specific property mentioned, and the statute operates to transfer the title of such articles to the widow, irrespective of whether or not she possesses sufficient separate property and estate so that her necessities do not require the allowance. *Heirs of Sawyer v. Sawyer,* 28 Vt. 245; *In re Estate of Lux,* 100 Cal. 593; *Griesemer v. Boyer & Rex,* 13 Wash. 171; *Wally v. Wally,* 41 Miss. 657. The law deems that her welfare and that of the family requires that she be not despoiled of the intimate household and personal belongings. Generally such provisions are upheld and the allowance made, whether the provisions of the will are accepted or not. *In re Estate of Walkerley,* 77 Cal. 642; *In re Estate of Lux, supra; Havens' Appeal,* 69 Conn. 684; *Collier v. Collier,* 3 Ohio St. 369; *Rutledge v. Rutledge,* 21 Ill. App. 357; *Crawford v. Nassoy,* 173 N. Y. 163; 1 Woerner, American Law of Administration (2d ed.) sec. 82.

We are not unaware of the fact that in Minnesota and in Michigan to some extent a different view has been taken, but we doubt whether in the cases considered the history of the law and the provisions of the statute calling for a special inventory were called to the attention of the respective courts. Such also seems to have been the

fact in the argument of the earlier case of *Godman v. Converse* in this court, 38 Neb. 657, 43 Neb. 463.

The amendment of 1901 (laws 1901, ch. 27), extending the class to whom the specific articles should go, did not rest upon the same forcible and cogent reasons as the widow's allowance, and has apparently been considered by the legislature to be ill advised, for in 1907 the law was again amended, and the words "heir or heirs at law" were changed to "child or children, if any, of the deceased," which seems a much wiser provision than the former, and to stand upon better reason.

We have considered the arguments and examined the cases cited in the brief on motion for rehearing in the case of *In re Estate of O'Shea,* as well as in the appellants' brief, but we see no reason for departing from the doctrine of *In re Estate of Fletcher,* 83 Neb. 156; *In re Estate of Manning, ante,* p. 60, and *In re Estate of O'Shea, ante,* p. 156.

The judgment of the district court in *In re Estate of Leavitt* is affirmed, and the motion for rehearing in *In re Estate of O'Shea* is denied.

JUDGMENTS ACCORDINGLY.

FAWCETT, J., dissents.