IN RE ESTATE OF JOHN F. WHITON.

JAMES J. CARLIN, ADMINISTRATOR, ET AL., APPELLEES, V.
FLORENCE E. SEWALL ET AL., APPELLANTS.

FILED MARCH 28, 1910.   No. 15,947.

1. Executors and Administrators: ALLOWANCE TO WIDOW: NOTICE.
   While it is proper that notice of the time and place of hearing
   be given to the heirs as well as to the administrator, when ap-
   plication is made to the county court for an allowance to the
   widow, an order made without notice to the heirs is not void for
   want of jurisdiction. *In re Estate of Fletcher*, 83 Neb. 156.

2. ——: ACCOUNTING: OBJECTIONS. Where parties filing special ob-
   jections to certain items of the final report of an administrator
   pray that "said report be allowed as to all other items and dis-
   allowed as to the items charged", they thereby consent to the
   allowance of all items other than those specially objected to, and
   it is proper for the court to exclude all evidence not relevant to
   the disputed items.

3. ——: ——: TITLE TO REALTY. The title to real estate cannot
   be adjudicated upon objections to the final report of an adminis-
   trator.

APPEAL from the district court for Rock county: JAMES
J. HARRINGTON, JUDGE. *Affirmed.*

*Allen G. Fisher* and *Fannie M. B. O'Linn*, for appel-
lants.

*J. A. Douglas* and *Arthur F. Mullen*, contra.

LETTON, J.

This is an appeal from a judgment of the district court
for Rock county affirming on appeal certain orders made
by the county court of that county in the matter of the
Estate of John F. Whiton, deceased.   Two separate ap-
peals were taken from the county court, but these were
consolidated and tried as one case in the district court
upon the papers filed in the county court.

As nearly as we can determine from the confused mass of papers presented in this appeal, it appears that on the 15th day of June, 1907, a motion was filed in the county court by the appellants herein, Florence E. Sewall, Sylvester G. Whiton, and Charlotte B. Brady, as heirs of John F. Whiton, deceased. The motion prayed that the administrator "be required to collect a rea-onable rent from Helen J. Whiton for the use of the hotel furniture belonging to said estate, and that he also be ordered to discontinue any and all future payments of the widow's allowance of $25 a month to Helen J. Whiton, widow of deceased, until the further order of the court." A hearing was had upon this motion, all parties being represented by counsel. The court sustained the same in part, but overruled it as to the discontinuance of the widow's allowance, to which ruling the heirs excepted, gave notice of appeal, and filed an appeal bond. The transcript next contains the application for allowance to the widow, and the order allowing the same, which was made September 29, 1906, the widow and administrator both appearing.

The final report of J. J. Carlin, administrator, was filed in the county court on September 10, 1907. Objections were made and filed by the three heirs above named to the allowance of the items in the report of payment to the widow of $25 a month under the former order of the court, "because the purported orders therefor were made without notice to parties and without jurisdiction, and contrary to law, and without evidence, and because the personal estate was assigned to the widow by appraisers on May 1, 1906." Objection was also made "because there is no charge therein shown for rents collected by said administrator for lots 1 and 2, in block 4, in the town of Bassett, Nebraska, which he has permitted to be occupied by one Helen J. Whiton, against the will and without the order of this or any other court in that behalf, and said property is fairly worth $60 a month from April 11, 1906, to date, making $1,020." The objections

were overruled, and the court proceeded to make a final settlement of the estate. It found that Helen J. Whiton was the widow and the appellants were the heirs of deceased, and distributed the personal property in accordance with the report and findings. Exceptions were taken and a bond for appeal filed. Objection was made by the administrator in the district court to the appeal bonds, but leave was given to file amended bonds, which was done, and under the views which we have adopted it becomes unnecessary to consider whether the appeals were regularly taken.

After consolidation, and at the trial in the district court, the administrator first offered in evidence his original final report showing the payments made to the widow, with other items charged and credited, which was objected to, but the objection was overruled. The administrator then rested. It was then stipulated that the evidence taken in another suit between the same parties involving the title to the real estate for the rents of which it was sought to charge the administrator should be taken as evidence in this case, and that additional evidence might be received. The heirs then offered to show that a large amount of personal property was not included in the inventory. This evidence was properly excluded for the reason that it was not within the issues. The administrator then testified that he considered $25 a month a reasonable allowance to the widow under the circumstances.

Upon oral argument in this court the appellants contended that there was no proof that Helen J. Whiton was the widow of deceased; that, on the contrary, the proof showed that, on account of the invalidity of certain divorce proceedings instituted by a former wife of deceased, the marriage of Helen J. Whiton to the deceased was void, and that she was not, in fact, the widow of deceased. It was further argued that the hotel property in the town of Bassett occupied by the widow was not the homestead

27

of deceased, and that, no notice having been given to the heirs of the application for an allowance to be made to the widow, the order directing the payment of the same was void, and the administrator was liable to the heirs for the amount paid. A number of other arguments were made which were foreign to the issues in this case, although perhaps pertinent to and within the issues of the other case pending between the parties.

We think it clear that, under the record as presented here, the appeal from the county court to the district court only brought up for investigation the items in the final report specifically objected to, and the order of the county court on the motion to discontinue the payment of the widow's allowance. In the objections to the final report filed by the appellants we find the following: "Wherefore the said heirs at law pray that said report be allowed as to all other items and disallowed as to the items charged." By this request the heirs consented to the allowance of all items in the report, other than those specially objected to, and they cannot appeal from an order or judgment rendered with their consent and for which they themselves prayed. The district court properly excluded the evidence as to other items.

As the record stands, there seem to be only two questions presented. The first is as to the validity of the original order making the allowance of $25 a month to the widow because made without notice to the heirs. The application for the allowance was duly filed and a hearing had at which the administrator was present. Our attention has not been called to any statutory provision which renders notice to heirs of an application for an allowance to the widow necessary. Probably, especially in cases where a controversy is likely to arise between the widow and heirs, it might be better practice to give such notice, but it is not indispensable in order to give the court jurisdiction of the matter. *In re Estate of Fletcher,* 83 Neb. 156. The amount of the allowance seems not to be unreasonable, and no error appears in the order made

by the county court, or in its affirmance by the district court.

The second question is as to the objection to the final report that there is no charge for rents collected by the administrator for property in Bassett occupied by the widow. The fourth finding of the county court in its final decree is that the deceased "died seized of some right, title and interest" in lots 1, 2, 6, 25 and 26, in block 4, Bassett, Nebraska, and 13 acres of land in that vicinity. It appears that the title to this real estate is in controversy in another action between the same parties, Helen J. Whiton, as widow, claiming in that case to be entitled to one-half of the hotel property as a homestead, and to be the beneficial owner of the other half by virtue of a certain constructive or resulting trust relationship between herself and deceased. The record does not show that the question of whether or not Helen J. Whiton was the widow of deceased had ever been raised by any one in any preliminary stage of the proceedings in the county court. On the contrary, in papers filed by the heirs, she is described as "Helen J. Whiton, widow of John F. Whiton, deceased." There is no showing that the administrator ever collected any money as rent from the widow, nor does it appear that any request was ever made to him by the heirs to take possession of the property or to collect rents. The record shows that the heirs knew that Helen J. Whiton claimed to be the owner of the property, and that they were litigating this claim. There was no need to sell the property to pay debts, and, so far as we can gather from the record, the administrator seems to have tacitly yielded any right he had to the possession of the real estate during administration to the heirs and the widow so that the real parties in interest might fight the matter out themselves. Under these circumstances, we are of opinion that the question of whether or not Helen J. Whiton is the widow of the deceased, and whether or not she is entitled to a homestead interest in the undivided one-half of the hotel property, or to the bene-

ficial interest in the remainder of the real estate by virtue of a trust, cannot be litigated upon the narrow issue presented here, whether the administrator should be charged with rent of the premises the title of which is in dispute. We think the district court was warranted in overruling this objection, and affirming the judgment of the county court.

We cannot undertake in this case to examine the record and determine the issues in the partition case. While the proceedings in this case in both county and district courts seem to have been somewhat irregular and the record is confused, we find no substantial error therein, and the judgment of the district court must be

AFFIRMED.