### E. A. McGill *v.* Abraham Howard.

1. Replevin. *Lien of third party. Defendant cannot assert.*
   A defendant in replevin cannot assert the right of a third person to a lien on the property as a bar to the plaintiff's right to the possession.

2. Same. *Landlord's lien.*
   The fact that the defendant owes his landlord for supplies cannot defeat a recovery by the plaintiff, who has a right of possession as against the defendant. The plaintiff would take the property subject to landlord's lien.

Appeal from the Circuit Court of Wilkinson County.

Hon. J. B. Chrisman, Judge.

E. A. McGill, the appellant, brought an action of replevin against Howard, appellee, for two bales of cotton. The appellant claimed under a chattel mortgage on the cotton for supplies. Howard was the tenant of one Feltus, and it was proved on the trial that he owed his landlord for rent and supplies. The landlord did not assert his claim. The court gave the following instruction for the defendant: "If the jury believe from the evidence that the cotton seized was raised on land rented by defendant from Feltus, and that Feltus had furnished defendant with supplies, any part of which was owing at the time of the seizure, then by law Feltus has a lien on the cotton so seized for the payment of such supplies prior to the lien given in plaintiff's deed of trust, and plaintiff is not entitled to the possession of either bale of cotton and they should find for the defendant." The plaintiff excepted to the giving of this instruction and assigns it for error. Judgment was for the defendant.

| Briefs. | Opinion. |

*J. H. Jones & T. V. Nolan,* for the appellant.

Landlords are abundantly protected under the Act of 1876, but it can hardly be successfully contended that this favored class were made by that act the special wards of the courts, and that it is the duty of circuit judges to enforce rights which they do not choose to claim for themselves. This is just what was done in the case at bar. The landlord makes no claim to the disputed property, but upon a mere *suggestion* of one of the defendants that he *possibly* owed his landlord something for supplies, the jury are instructed that such a suggestion amounts to a paramount claim. The case of *Strauss* v. *Bailey,* 58 Miss. 131, is relied on by counsel for defendant in support of positions taken by the defense.

*D. C. Bramlett,* for the appellee.

The plaintiff must have the right to the immediate and exclusive possession of the property in himself, authorizing a recovery and the right or claim of a third party may be shown by the defendant. Wills on Replevin, §§ 94 and 689; *Strauss* v. *Bailey,* 58 Miss. 131.

CAMPBELL, C. J., delivered the opinion of the court.

The appellant was clearly entitled to the possession of the two bales of cotton, as against the appellee, who could not assert against him the right of a third person to a lien on the cotton as a bar to the appellant's right to the possession. If the appellee did owe his landlord, who had a lien on the cotton, that did not present a reason why the appellant should not recover it from him, as against whom he had the right of possession, even though when recovered he would hold it subject to the lien of the landlord. The right of the landlord was not a right of property in the cotton, but a mere charge upon it.

*Judgment reversed, and cause remanded for a new trial.*