Kavanaugh v. Brodball.

## DANIEL C. KAVANAUGH V. EDWARD A. BRODBALL.

### FILED JUNE 5, 1894.    No. 5263.

1. **Replevin.** The cardinal question in every replevin action is whether the plaintiff therein was entitled to the immediate possession of the property replevied at the commencement of the action.

2. **Chattel Mortgages:** ASSIGNMENT OF NOTES: EFFECT. One to whom a promissory note is indorsed and delivered as collateral security thereby becomes the legal owner and holder of said note and may maintain a suit thereon in his own name; and if such note is secured by a chattel mortgage, the indorsement and delivery of the note will carry the mortgage with it.

3. **Replevin.** The plaintiff in a replevin action must recover, if at all, upon the strength of his own title to the property involved and not upon the weakness of the defendant's title to said property.

4. ———: CHATTEL MORTGAGES: ASSIGNMENT OF NOTES. The payee of certain notes secured by a chattel mortgage indorsed and delivered the same to a bank as security for an indebtedness owing by him to it. During the time the bank so held said notes and chattel mortgage the said payee brought against a subsequent mortgagee of said property, who had taken possession thereof, an action of replevin, basing his right to the possession of said property on the notes and mortgage he had assigned to the bank. *Held*, (1) That the indorsement and delivery of the notes to the bank operated as an assignment to it of the mortgage which the notes were given to secure; (2) that said payee at the time he brought his action was not entitled to the immediate possession of the mortgaged property, and that his action was properly dismissed.

ERROR from the district court of Platte county. Tried below before POST, J.

*Geo. G. Bowman* and *S. S. McAllister,* for plaintiff in error.

*McAllister & Cornelius, contra.*

RAGAN, C.

On the 11th day of January, 1889, one Bernard Strottman was indebted to Daniel C. Kavanaugh in the sum of $300 and some interest, and to secure the payment of such indebtedness on said date he executed and delivered to Kavanaugh a chattel mortgage upon some hogs, the property in controversy in this suit. On December 7, 1889, Mr. Strottman became indebted to Ottis Brothers, as an evidence of which he executed to them his note and a chattel mortgage to secure the same upon the same property mortgaged to Kavanaugh. These notes and mortgage were assigned by Ottis Brothers to one Edward Brodball, and in August, 1890, he took possession of the mortgaged property. Prior to the bringing of this suit Kavanaugh was indebted to the First National Bank of Columbus, Nebraska, and to further secure said debt he indorsed the notes given him by Strottman and delivered them to the bank, which held them at the time this action was brought, a part of the debt owing to it by Kavanaugh, and to secure the payment of which the Strottman notes and mortgage were pledged, remaining unpaid. Kavanaugh then brought this action in replevin against Brodball for the property covered by their respective mortgages. The jury, in obedience to an instruction of the district court, returned a verdict in favor of Brodball, and Kavanaugh brings the case here for review.

The only error alleged which we need consider is this ruling of the district court. The cardinal question in every replevin action is whether the plaintiff therein was entitled to the immediate possession of the property replevied at the commencement of the action. It appears from the evidence, beyond cavil, that prior to the bringing of this suit Kavanaugh had duly indorsed and delivered the Strottman notes to the First National Bank of Columbus, and that at the time the suit was brought the bank still held posses-

.sion of these notes to secure the payment to it of the indebtedness owing by Kavanaugh. The indorsement and delivery by Kavanaugh of the notes given him by Strottman to the bank invested it with the legal title to said notes, and the mortgage followed the debt. Kavanaugh then, at the time this action was brought, was not entitled to the immediate possession of the mortgaged property.

In *Gamble v. Wilson*, 33 Neb., 270, one Morningstar became indebted to Gamble and to secure such indebtedness gave him a chattel mortgage or bill of sale on certain personal property. Gamble sold and transferred this note to the Buffalo County National Bank. Some time after this Morningstar left the country, leaving one Taggart in possession of the property mortgaged to Gamble, which consisted of a frame bank building, a lumber office, a safe, counter, and some fixtures. Taggart, after the disappearance of Morningstar, delivered to Gamble the keys of the building and the combination of the safe. A creditor of Morningstar attached this property and Gamble replevied it. The judgment of the district court was that Gamble's action of replevin should be dismissed. He brought that judgment to this court for review, one of the errors alleged being an instruction given by the trial court to the jury. NORVAL, the present chief justice, writing the opinion of the court and reviewing the alleged error of the trial court in giving the instruction, said : " Complaint is made in the brief of counsel for plaintiff in error to the giving to the jury the defendant's request No. 3. By it the court charged the jury in effect that if they found that prior to the bringing of the suit that plaintiff had transferred all his interest in the note for which the bill of sale was given as security to the Buffalo County National Bank, and that the bank was, at the commencement of the action, the owner of the same, then the plaintiff could not recover. The charge of the court was not only correct as an abstract proposition of law, but it was applicable in the case made by the evidence.

It was undisputed that prior to the bringing of the suit the plaintiff transferred the note, which was secured by bill of sale, to the Buffalo County National Bank. The indorsement of the note was an assignment to the bank of the bill of sale and all of the plaintiff's interest therein. The bank could have maintained replevin for the property in its own name and was the real party in interest." The only difference between that case and the one at bar is that the First National Bank of Columbus held the Strottman notes as collateral security for a debt owing to it by Kavanaugh; but one to whom a promissory note is indorsed and delivered as collateral security is the legal owner and holder of said note and may maintain a suit thereon in his own name. If any one was entitled to the possession of the property in controversy in this action at the commencement thereof by virtue of the chattel mortgage made by Strottman to Kavanaugh, it was the First National Bank of Columbus. Counsel for Kavanaugh insists that the evidence shows that Strottman was never the owner of the property which he mortgaged to Ottis Brothers, and that, therefore, the court erred in directing the jury to return a verdict in favor of the defendant in error, Ottis Brothers' assignee. We have not examined this record for the purpose of ascertaining whether it bears out the contention of counsel, as the plaintiff in replevin must recover, if at all, upon the strength of his own title to the property and not upon the weakness of that of his adversary. (*Goodman v. Kennedy*, 10 Neb., 270; *Bardwell v. Stubbert*, 17 Neb., 485.) The learned district judge was entirely right in instructing the jury to return a verdict for the defendant, and the judgment of the lower court is

AFFIRMED.

POST, J., not sitting.