CONRAD MERCANTILE CO., APPELLANT, *v.* SILER, RESPONDENT.

(No. 5,788.)

(Submitted November 21, 1925. Decided December 8, 1925.)

[241 Pac. 617.]

*Claim and Delivery—Possession in Third Party—When Defense not Available—Appeal — Theory of Case — Directed Verdict—When Improper.*

Directing Verdict—When Improper.
1. A court should not withdraw a case from the jury and direct a verdict unless as a matter of law recovery cannot be had upon any view of the evidence, including the legitimate inferences to be drawn therefrom.

Claim and Delivery—Defense That Right to Possession is in Third Party —When ·not Available.

2. The rule that defendant in a claim and delivery action can defeat plaintiff's recovery by showing that the right to the possession of the property in controversy is in a third party has application only where the right of possession in the third party is absolute; hence where the right was contingent only, *i. e.*, the right to take possession under a chattel mortgage under certain circumstances if the third-party mortgagee chose to assert it, the rule had no application.

Same—Theory of ·Case—Appeal.

3. Where the complaint of a mortgagee of a crop of grain was sufficient to sustain a judgment of foreclosure of the chattel mortgage, or a judgment in claim and delivery, and plaintiff chose to try it on the latter theory, presenting the sole issue of its right to the possession of the grain at the time of the commencement of the action, it was bound by that theory and will not be heard to assert on appeal that the trial court adopted an erroneous one.

Appeal and Error, 4 **C. J.**, sec. 2609, p. 701, n. 49.
Chattel Mortgages, 11 **C. J.**, sec. 255, p. 558, n. 99 New; sec. 324, p. 617, n. 98, 99.
Payment, 30 **Cyc.**, p. 1233, n. 73; p. 1251, n. 90; p. 1296, n. 91.
Replevin, 34 **Cyc.**, p. 1415, n. 74; p. 1416, n. 79.
Trial, 38 **Cyc.**, p. 1532, n. 23; p. 1533, n. 31; p. 1536, n. 43; p. 1568, n. 98; p. 1577, n. 36.

*Appeal from District Court, Pondera County; J. J. Greene, Judge.*

Action by the Conrad Mercantile Company against D. S. Siler. From the judgment on a directed verdict for defendant, plaintiff appeals. Reversed and remanded for new trial.

*Messrs. Arnot & Doyle,* for Appellant, submitted a brief; *Mr. W. E. Arnot* argued the cause orally.

*Mr. R. M. Hattersley,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

The complaint in this action alleges that on November 10, 1921, the defendant executed and delivered to the plaintiff a note for $1,463.70, due on October 1, 1922, and at the same time to secure its payment gave plaintiff a chattel mortgage

2. Right of defendant in replevin to· show outstanding title in third person, see note in Ann. Cas. 1912D, 20.

covering all of the crops to be grown during the year 1922 upon the south half of the southeast quarter of the northeast quarter of section 26, and the southeast quarter of section 27, all in township 29 north, range 4 west, Pondera county, which mortgage was duly filed in the proper office; that defendant planted, harvested and threshed a crop of wheat upon said land in 1922, and at the time of the commencement of the action still had about 1,000 bushels of the same in his possession; that, after crediting certain payments made by defendant on the note, there was a balance of $585.16 due thereon, which defendant had not paid; that this constituted a breach of the provisions of the chattel mortgage, and entitled the plaintiff to the possession of the mortgaged grain which defendant had refused to surrender to it after demand had been made upon him therefor.

Issue was joined by defendant's answer, and the cause proceeded to trial before a jury. At the close of all the testimony, upon motion of counsel for defendant, the court directed the jury to return a verdict in favor of the defendant, which was done. Upon this verdict a judgment was entered, from which the plaintiff has appealed.

The complaint is so framed that it would be sufficient to sustain a judgment foreclosing the chattel mortgage and directing a sale of the mortgaged property, or it would sustain a judgment in claim and delivery, which would give plaintiff possession of the mortgaged property and therefore enable it to proceed to foreclosure of the chattel mortgage under the power of sale contained therein. During the progress of the trial, when the nature of the action was being inquired into, the court asked counsel for plaintiff: "Is this an action on foreclosure of chattel mortgage or an action in claim and delivery?" to which inquiry counsel replied: "Claim and delivery." In passing upon the motion for a directed verdict, the court considered the action as being in claim and delivery, and in the opening paragraph of appellant's brief counsel says: "All of the parties to the action and the court treated it as an action in claim and delivery."

At the trial there was no dispute about the execution and delivery of the note and mortgage to plaintiff, and it was admitted that subsequent to the date of the mortgage and prior to the fall of 1922 the defendant became indebted to the plaintiff in the sum of $766.44 on an open account for goods, wares and merchandise sold and delivered to him by the plaintiff. It was established without dispute that in the year 1922 the defendant raised 4,724 bushels of wheat, of which 710 bushels were produced on lands other than those mentioned in the mortgage, and therefore not subject to it. It was conceded that it required 780 bushels to liquidate the threshing bill, and that the defendant's son, who had raised the crop on a portion of the lands mentioned in the mortgage, under arrangements with the defendant, was entitled to 1,200 bushels of the grain produced as his share; thus leaving 2,034 bushels subject to plaintiff's mortgage.

During the fall and winter of 1922 the defendant hauled to various elevators 1,692 bushels of wheat, the proceeds from which, amounting to $1,911.68, were turned over to the plaintiff, and by it applied first to payment of the open account of $766.44 and the balance of $1,045.24 on the mortgage note. After making this application, there was a balance of $585.16 due thereon. J. C. Price, president of the plaintiff, testified that defendant told him to apply these proceeds in this manner. This was denied by defendant, who said that the purpose of turning over the proceeds to the plaintiff was to pay off the mortgage debt. A determination of this issue of fact presented by this testimony was material to a decision of the case.

The testimony further showed that on November 28, 1921, the defendant gave the First National Bank of Conrad a chattel mortgage to secure the payment of two notes totaling $6,430, the last of which matured on October 1, 1922, which covered the same crops as those included in the plaintiff's mortgage.

Other testimony was introduced concerning this mortgage for the purpose of determining whether the lien created by it existed at the time plaintiff made application of the proceeds of the wheat sales to the payment of its open account against

the defendant. For reasons which will later appear, it is not necessary to make further mention of this testimony.

With reference to the quantity of mortgaged wheat which defendant had in his possession at the time of the commencement of this suit, Price testified that a day of two before the suit was started defendant stated to him that he had 1,000 bushels of wheat at home which was covered by plaintiff's mortgage. Defendant denied having made this statement, but said that at the time in question ''there was about 334 bushels on the place that had been covered by the chattel mortgage.'' This presented a direct conflict in the testimony upon a material fact.

Appellant's assignment of error presents but one matter for consideration on this appeal, *viz.*, whether the court erred in sustaining defendant's motion for a directed verdict.

The rule that a case should not be withdrawn from the jury, [1] unless, as a matter of law, recovery cannot be had upon any view of the evidence, including the legitimate inferences to be drawn therefrom, has been announced by this court so many times that a reference to the cases laying it down is not necessary.

Counsel for defendant admits that, but for the mortgage to the bank, it was competent for the plaintiff and the defendant, under the provisions of section 7430, Revised Codes of 1921, to apply the proceeds of the sales of the mortgaged wheat either to the payment of the open account or to the satisfaction of the mortgage debt, and that, in the absence of a specific direction by the defendant, the plaintiff had a right, at its election, to apply the same to the payment of either.

If it should be assumed that all of the wheat which defendant hauled into the elevators was covered by plaintiff's mortgage, and all the proceeds therefrom had been applied to the mortgage note, they would have more than satisfied it, and the plaintiff could not have recovered in this action, since its right to recover was dependent upon the existence of its mortgage. But counsel argues, in effect, that the existence of the mortgage to the bank deprived the parties of the right to elect where these proceeds

should be applied, and required that they should first be applied to the payment of the mortgage debt so as to leave the lien of the bank's mortgage intact upon the overplus of the wheat.

This theory seems to have been acquiesced in by counsel for plaintiff at the trial, and was the one adopted by the court. To [2] avoid its effect, plaintiff sought to show that the bank's lien was not in existence when the application of the payments was made by it. In support of this theory counsel invokes the rule that a defendant can defeat the plaintiff's recovery in a claim and delivery action by showing that the right to the possession of the property is in a third party—in this case the bank. But this rule has no application, unless such right of possession in the third party is absolute. (23 R. C. L. 923.) The bank's right to possession of the property was contingent. Its mortgage created only a lien which, under some circumstances, entitled it to this right, if it should assert it. The rule is well stated in *Rankine* v. *Greer*, 38 Kan. 343, 5 Am. St. Rep. 751, 16 Pac. 680, as follows: "It is true that under a general denial in an action of replevin, the defendant may show that the plaintiff is not entitled to the possession of the property, that being the gist of the action; and to defeat plaintiff's right of possession he may not only show that he is entitled to the possession himself, but may also show that the right of possession belongs to another, even if a stranger to the action; but this right of possession must be an absolute right,—one not contingent or depending upon circumstances or conditions,— and it would not be sufficient to show that there were other and superior outstanding mortgages against the property, although under some circumstances or conditions the mortgagee might be entitled to the possession of the property, even as against both plaintiff and defendant. This right of possession under a mortgage is a right to be claimed by the mortgagee. He might never claim the property; it might not be necessary for him to do so; the debt might be paid, or he might have other security or other property included in his mortgage sufficient to satisfy his claim, independent of this property." (See, also,

34 Cyc., p. 1415; *McGill* v. *Howard,* 61 Miss. 411; Wells on Replevin, 2d ed., pp. 55, 77, 80.)

The law affords ample protection to mortgagees situated as the bank was in this case, but it does not make them special wards of the courts or impose upon the courts the duty to enforce rights which they do not claim for themselves, upon the mere suggestion of one of the parties that they have rights which they may possibly desire to assert.

If the plaintiff's testimony in reference to its authority to apply the proceeds of the sales of the mortgaged wheat as it did was true, then, as against the defendant and the bank which was not asserting any rights in this suit, the plaintiff was entitled to the possession of all of the mortgaged wheat held by defendant when the suit was started, or sufficient thereof to satisfy its mortgage debt.

Plaintiff's final contention that, regardless of its right to [3] recover possession of the wheat in question, it was entitled to have a judgment against the defendant for the amount remaining due on the note after applying the proceeds of the wheat delivered to it upon the open account, and to a partial satisfaction of the mortgage debt under the directions of the defendant, cannot be sustained.

Having tried the action in the lower court upon the theory that it was in claim and delivery, and that the sole issue was its right to the possession of the wheat at the time of the commencement of the suit, plaintiff is bound by the theory thus adopted, and will not be heard in this court to say that the trial court committed error in adopting the theory which it assumed. (*Waite* v. *Shoemaker & Co.,* 50 Mont. 264, 146 Pac. 736; *Columbus State Bank* v. *Erb,* 50 Mont. 442, 147 Pac. 617.)

It is our conclusion that the evidence in the case presented a conflict upon material questions of fact which should have been submitted to the jury for determination, and that the court erred in sustaining the defendant's motion for a directed verdict.

The judgment is reversed and the cause remanded to the district court for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.