BANK OF KEYSTONE, A CORPORATION, APPELLANT, V. IVAN L. KAYTON, APPELLEE.

50 N. W. 2d 511

Filed December 21, 1951. No. 33061.

*Firmin Q. Feltz* and *G. B. Hastings,* for appellant.

*Dallas A. Clouse,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action in replevin brought by the Bank of Keystone, plaintiff, against Ivan L. Kayton, defendant, in the district court for Deuel County to obtain possession of a certain 1948 Dodge club coupé or the value of the same if not returned, and for damages and costs. This action is based on a chattel mortgage executed and delivered to the plaintiff bank by John A. Harney, a duly licensed automobile dealer.

The action proceeded to trial before a jury. Upon motion made by the defendant to dismiss the plaintiff's petition, based on the plaintiff's failure to produce sufficient evidence to make a case for the jury, the jury was discharged and the defendant's motion to dismiss was sustained.

The trial court, in substance, made the following findings: (1) That the defendant was a creditor of John A. Harney, a duly licensed automobile dealer; (2) that the defendant had been in possession of the 1948 Dodge club coupé at all times until the same was taken from him by virtue of the action in replevin; (3) that the chattel mortgage dated August 30, 1950, executed and delivered to the plaintiff bank by John A. Harney was not endorsed as a lien on the certificate of title covering the vehicle, nor was the same endorsed upon any certificate of title; (4) that under the terms of section 60-105, R. S. Supp., 1949, and section 60-110, R. S. 1943, no lien was created against defendant even though title had passed from the defendant to John A. Harney; and (5) that defendant was entitled to have the right of possession of the vehicle in question at the commencement of the suit, the value of the same being $800, damages sustained by the detention of the automobile being nominal.

The trial court entered judgment on the findings that defendant was entitled to the immediate possession of the Dodge club coupé or the value of the same in the amount of $800, damages in the sum of one cent, and costs of the action.

The plaintiff filed a motion for new trial. From the order overruling the motion, plaintiff appeals.

For convenience we will refer to the plaintiff as the bank, to the defendant, Ivan L. Kayton, as defendant, and to the automobile dealer John A. Harney as Harney.

It appears from the record that Harney was a duly licensed automobile dealer having a Packard agency in the city of Ogallala. He dealt in both new and used

automobiles. On July 25, 1950, by written contract, Harney sold to the defendant, who resides near Chappell, a new 1950 Packard club sedan, the purchase price being $2,915, with a down payment of $100 by check which he cashed. The defendant was given a trade-in allowance for a 1948 Dodge club coupé which amounted to $1,185, making the total down payment $1,285. Upon delivery of the Packard the defendant was to pay $630 in cash and to give Harney a note for $1,000 with interest at 8 percent due in 90 days. On August 3, 1950, the defendant mailed the certificate of title to the Dodge club coupé to Harney. On August 30, 1950, Harney's bookkeeper, making a business transaction for him with the bank, presented the bank with the following instruments: An installment note executed and delivered by Harney to the bank in the amount of $1,005, payable on October 30, 1950; a chattel mortgage which included therein the 1948 Dodge club coupé as security; two certificates of title; and a power of attorney. One of the certificates of title covered the Dodge automobile here involved. On the reverse side of this certificate of title was an assignment of the Dodge club coupé to Harney, bearing date of August 8, 1950. The reassignment appearing on the certificate of title was in blank, not acknowledged, but signed by Harney.

On July 25, 1950, a power of attorney appointing Harney lawful attorney to assign a certificate of title covering the Dodge club coupé or to make application for a certificate of title was signed by the defendant and delivered to Harney.

The power of attorney and certificate above referred to were in the possession of the bank until introduced in evidence in this case, together with the note and mortgage above referred to. At the time of trial there was due on the debt of Harney to the bank $805.

It was represented to the bank at the time the transaction was had with Harney that the Dodge club coupé was in his possession and free of encumbrances. The

bank did not verify this fact for the reason that it had transacted business satisfactorily with Harney for a period of two years.

Harney died on September 3, 1950. He was insolvent at the time. On September 6, 1950, the plaintiff filed its chattel mortgage in Keith County.

The plaintiff first learned of the location of the Dodge club coupé on September 6, 1950, and that it was in the possession of the defendant. The defendant went to the bank looking for his title on or about September 6, 1950, and asked to see the papers with reference to the transaction had between the parties. He was shown the note, the chattel mortgage, the certificate of title, and the power of attorney. He told the bankers that there was no use denying that his signature appeared on some of the papers. Later in his testimony he denied that he had signed the power of attorney or made any assignment of the title to the vehicle to Harney.

The defendant also testified that Harney was not able to furnish him the 1950 Packard for which he had contracted, but orally agreed to furnish him a 1951 Packard of the same model and on the same terms. The defendant was to mail to Harney the certificate of title to the Dodge automobile which he did on or about August 3, 1950. There was nothing said about a power of attorney. When the transaction was had with Harney by the defendant, he drove the Dodge coupé home and retained the possession of it awaiting delivery of the Packard. It was taken from him in this replevin action instituted on October 16, 1950.

The plaintiff's assignments of error may be summarized as follows: (1) The trial court erred in dismissing the plaintiff's petition at the conclusion of the evidence; (2) the trial court erred in finding the defendant was a creditor of Harney; and (3) the judgment entered by the trial court is contrary to the evidence and the law.

A motion for a directed verdict or dismissal must,

for the purpose of a decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed, and such party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the facts in evidence. See, Moncrief v. Interstate Transit Lines, 129 Neb. 168, 261 N. W. 163; Robinson v. Central Neb. Public Power & Irrigation Dist., 146 Neb. 534, 20 N. W. 2d 509.

We bear in mind the foregoing rule in analyzing this appeal.

The trial court found, and properly so, under the factual situation presented that the title to the 1948 Dodge club coupé passed from the defendant to Harney, the licensed dealer.

This appeal involves the act relating to title and transfer of motor vehicles, and provides for the recording of liens and encumbrances on motor vehicles on a certificate of title. This act is found in Chapter 60, article 1, R. S. 1943, and amendments thereto. Certain sections of the act were amended by the 1945 and 1949 Legislatures. See Laws 1945, c. 140, p. 442; Laws 1949, c. 93, p. 249; Laws 1949, c. 179, p. 505.

In support of its assignments of error the plaintiff contends that the provisions of the Certificate of Title Act do not apply to motor vehicles acquired by licensed automobile dealers in this state until such time as the dealer sells such motor vehicle, or vehicles, to a general purchaser or user.

In making reference to certain sections of the motor vehicle act we set forth the material parts of such sections as may be necessary.

Section 60-102, R. S. Supp., 1949, provides that the provisions of this act shall apply to motor vehicles required to be registered under the provisions of sections 60-301 to 60-306, then this section makes exceptions which are not applicable here.

Section 60-302, R. S. Supp., 1949, provides: "Every owner of a motor vehicle shall, for each motor vehicle owned, except as otherwise expressly provided, make application for registration * * *."

The language "otherwise expressly provided" appears in section 60-320, R. S. Supp., 1949, which provides in part: "Each * * * licensed dealer in motor vehicles, doing business in this state, may, in lieu of the registering of each motor vehicle which he owns of a type otherwise required to be registered, * * * operate or move the same upon the streets and highways of this state solely for purposes of transporting, testing, demonstrating, or use in the ordinary course * * * of his business as a * * * dealer, * * * or sell the same without registering each such vehicle upon the condition that any such vehicle display thereon, in the manner prescribed in section 60-323, dealer number plates as provided herein."

The plaintiff makes reference to section 60-104, R. S. Supp., 1949, which provides in part: "No person, except as provided in section 60-103, shall sell or otherwise dispose of a motor vehicle, * * * without delivering to the purchaser or transferee thereof a certificate of title with such assignment thereon as may be necessary to show title in the purchaser, * * *."

Reference is made to section 60-106, R. S. 1943. This section provides for certificate of title, application for, form, evidence necessary, and the duties of the county clerks. The part referred to by the plaintiff provides: "* * * Provided, licensed dealers need not apply for certificates of title for motor vehicles in stock or acquired for stock purposes, but upon transfer of the same they shall give the transferee a reassignment of the certificate of title on such motor vehicle, * * *."

Reference is made to section 60-105, R. S. Supp., 1949, which provides in part: "No person, except as provided in section 60-110, acquiring a motor vehicle, * * * from the owner thereof, whether such owner be a * * * dealer * * * shall acquire any right, title, claim, or in-

terest in or to such motor vehicle, * * * until he shall have had issued to him a certificate of title to such motor vehicle, * * * or delivered to him a manufacturer's or importer's certificate for the same; nor shall any waiver or estoppel operate in favor of such person against a person having possession of such certificate of title * * * for a valuable consideration. No court in any case at law or in equity shall recognize the right, title, claim or interest of any person in or to any motor vehicle, * * * sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this act."

The plaintiff asserts, in view of the foregoing-cited sections of the act, that there is no provision in the act requiring a licensed automobile dealer to procure a new title in his name to or for any motor vehicle acquired by him; that section 60-105, R. S. Supp., 1949, applies only to individuals such as purchasers of automobiles from licensed dealers, and not to licensed dealers; and section 60-110, R. S. 1943, is inapplicable because of the distinction in the various parts of the Certificate of Title Act referring to dealers and others as heretofore indicated.

We are in accord with the plaintiff's reasoning that from the time a licensed automobile dealer acquires a used motor vehicle and has the title assigned and delivered to him by the seller, he is not required to obtain a new certificate of title in his name. When he sells such automobile, then a certificate of title is procured for the purchaser. However, we are not in accord with the plaintiff's reasoning that a licensed automobile dealer is exempt from the Certificate of Title Act insofar as mortgages on motor vehicles are concerned. Section 60-105, R. S. Supp., 1949, and section 60-110, R. S. 1943, of the act apply to dealers as well as to general purchasers or others that may be concerned under the provisions of the act.

We make reference to section 60-110, R. S. 1943, which provides in part that sections 36-207, 36-208, 36-301, 36-302, and 36-303 shall never be construed to apply to or to permit or require the deposit, filing, or other record whatsoever of a chattel mortgage, conveyance intended to operate as a mortgage, trust receipt, conditional sales contract or similar instrument, or any copy of the same covering a motor vehicle.

In Securities Credit Corp. v. Pindell, 153 Neb. 298, 44 N. W. 2d 501, this court held: "The Certificate of Title Act eliminates the practice of filing and recording chattel mortgages on motor vehicles in the chattel mortgage records, and substitutes the recording of such upon the certificate of title itself. * * * Under the act relating to certificates of title to motor vehicles, no valid lien can be asserted against a motor vehicle unless it is disclosed by a valid certificate of title regularly issued by the county clerk of the county in which the applicant resides."

The statute relating to certificates of title to motor vehicles was enacted for the protection of owners of such vehicles, those holding liens thereon, and the public, and one holding a lien upon a motor vehicle must, insofar as he can reasonably do so, protect himself and others thereafter dealing in good faith, by complying and requiring compliance with applicable laws concerning certificates of title to motor vehicles. See Nichols v. Bogda Motors, Inc., 118 Ind. App. 156, 77 N. E. 2d 905.

A holder of a mortgage lien on an automobile owes a duty to see that the mortgagor has complied with the Certificate of Title Act in order to protect such lien, as well as innocent purchasers of automobiles. Securities Credit Corp. v. Pindell, *supra.*

The plaintiff was in a position so that it could reasonably protect its lien by complying with the Certificate of Title Act. It had possession of the certificate of title a reasonable length of time to have its lien noted thereon but instead filed it under the chattel mortgage records.

The following language from Loyal's Auto Exchange, Inc. v. Munch, 153 Neb. 628, 45 N. W. 2d 913, is appropriate: "As stated in Crawford Finance Co. v. Derby, 63 Ohio App. 50, 25 N. E. 2d 306: 'On the other hand, from the whole scheme of the Certificate of Title Act, especially the sections quoted above, it is apparent that the Legislature intended to set up one and only one method by which liens on or titles to a motor vehicle could be acquired. * * *' "

While in the cited case reference was made to the sections quoted therein which are sections 60-104 and 60-105, R. S. Supp., 1949, the foregoing language clearly indicates the method by which a lien on a motor vehicle under the act should be asserted, as provided for in section 60-110, R. S. 1943, that is the method prescribed in the act.

In the case of Alliance Loan & Investment Co. v. Morgan, 154 Neb. 745, 49 N. W. 2d 593, this court held: "A chattel mortgage on a motor vehicle is void as to creditors of the mortgagor unless a notation thereof is made on the face of the certificate of title to the vehicle as required by the applicable statute of the state," which is section 60-110, R. S. 1943. The court further said that the plaintiff could recover only upon the strength of its interest in the property involved and not on any weakness in the interest of the defendant in the property, citing Loyal's Auto Exchange, Inc. v. Munch, supra. The burden is on the plaintiff in replevin to establish facts necessary for him to recover, and these must be shown to have existed at the time the action was commenced. The gist of a replevin action is the unlawful detention of the property at the inception of the suit and the rights of the parties with respect to possession of the property at that time.

There was a failure of the plaintiff to produce any evidence of any lien or any interest in the Dodge club coupé as against the defendant at the commencement of this action.

We deem other assignments of error unnecessary to discuss.

We conclude the judgment of the trial court should be, and hereby is, affirmed.

AFFIRMED.