RAYMOND A. BALLARD, ADMINISTRATOR OF THE ESTATE OF ANN JEAN BYRON, DECEASED, APPELLANT, v. RICHARD L. DAVENPORT, ADMINISTRATOR OF THE ESTATE OF IRVIN EATON, DECEASED, APPELLEE.

133 N. W. 2d 13

Filed February 11, 1965. No. 35817.

Dean L. Donoho, for appellant.

Spittler & O'Kief and Rush C. Clarke, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOS-LAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

The plaintiff sought to recover possession of certain clothing, jewelry, and furniture from the defendant by replevin. At the close of plaintiff's evidence the court directed a verdict for the defendant. Plaintiff has appealed.

The evidence shows that on June 21, 1958, Irvin Eaton and Ann Jean Byron were married by a ceremonial marriage in the State of Nevada. Thereafter they resided in Valentine, Nebraska, where they lived together as husband and wife until the marriage contract was terminated by the death of Ann Jean Eaton on August 20, 1960. Irvin Eaton died on April 28, 1961. Raymond A. Ballard is the duly appointed administrator of the estate of Ann Jean Byron (Eaton), deceased. Richard L. Davenport was appointed administrator of the estate of Irvin Eaton, deceased, and has been succeeded by Edward Greteman as such administrator pending the appeal in this court.

There is a suggestion in the briefs that the ceremonial marriage of Irvin and Ann Jean Eaton was void. This question is not supported by any evidence in the record. The presumption of the validity of the ceremonial marriage obtains insofar as this litigation is concerned. Allen v. Allen, 121 Neb. 635, 237 N. W. 662.

The action in replevin was commenced to obtain possession of 112 numbered items of personal property including two diamond rings, a wrist watch, a mink stole, a full-length beaver coat, and a washer and dryer. The sheriff's return to the order of replevin shows that 26 numbered items of personal property were taken into his possession and appraised at $9,247.25. The return then states that plaintiff failed to post the necessary bond in double the appraised value of the property within 24 hours and the property was returned to the administrator of the estate of Irvin Eaton, deceased. The action then continued as an action for damages. At the trial the plaintiff offered proof of value of some of the property, the amount of which is of no importance at the present stage of the proceedings.

The petition in replevin alleged that plaintiff is the owner and is entitled to the immediate possession of the personal property sought to be replevined. At the close of plaintiff's evidence, plaintiff sought to amend his petition to allege a special interest in the property as shown by the evidence. The trial court denied plaintiff's application to amend. Plaintiff asserts this is error. The defendant contends that if the trial court was in error it was without prejudice for the reason that plaintiff had no interest in the property and the amendment, if granted, would not have been sufficient to avoid a directed verdict. We shall first resolve this question.

The articles sought to be replevined consisted of household furniture, wearing apparel, and ornaments. The record shows that the rings and watch were removed from the body of Ann Jean Eaton at the mortuary after her death. The household furniture, wearing apparel, and other items were in the home of the Eatons after her death. It is the contention of defendant that the articles were set aside for the benefit of the surviving spouse under applicable statutes and became the property of the surviving spouse, and that the administrator of the estate of Ann Jean Eaton had no right

of possession thereto for any purpose. The evidence does not show that the estate of Ann Jean Byron (Eaton) was insolvent, or that there were any existing creditors. No contention is advanced to the contrary.

It is a fundamental rule in replevin that a plaintiff must recover on the strength of his right in or to the property and not upon any weakness of the interest of the defendant therein. State Farm Mutual Auto. Ins. Co. v. Drawbaugh, 159 Neb. 149, 65 N. W. 2d 542. Some contention is advanced that the allegations of the petition are insufficient to show that plaintiff brought the action in his capacity as administrator. Under the holding of Bennett v. Bennett, 65 Neb. 432, 91 N. W. 409, we hold that the petition was sufficient in this respect. The sole question is, therefore, whether or not the administrator had any general ownership or special interest in the described property that would support an action in replevin.

It is provided in part by section 30-103, R. R. S. 1943: "When any person shall die possessed of any personal estate or of any right or interest therein, not lawfully disposed of by his last will, the same shall be applied and distributed as follows: (1) The surviving husband or wife, if any, and if there be no surviving husband or wife, then the child or children, if any, of the deceased shall be allowed (a) all the wearing apparel and ornaments and household furniture of the deceased, * * *." Section 30-404, R. R. S. 1943, provides: "A separate and distinct inventory and appraisement shall be made and returned, as aforesaid, of all the household furniture and other personal property which may be allowed to the widow, pursuant to the provisions of section 30-103, but the same shall not be considered assets in the hands of the executors or administrators."

Section 30-103, R. R. S. 1943, insofar as it applies to the present case, has been the statutory law of this state since 1907. See § 3000, Comp. St. 1907. By the previous decisions of this court this section of the statute has

been construed to mean that title vested immediately in the surviving spouse to wearing apparel, ornaments, and household furniture of the deceased spouse, and that such property is not an asset of the estate in the hands of an executor or administrator. In re Estate of Fletcher, 83 Neb. 156, 119 N. W. 232; In re Estate of Leavitt, 85 Neb. 521, 124 N. W. 114; Judson v. Creighton, 88 Neb. 37, 128 N. W. 651.

In the case of In re Estate of O'Shea, 85 Neb. 156, 122 N. W. 881, it was held that: "* * * it seems to have been the purpose of the legislature to deprive a testator of the right or power to dismantle the home or any part thereof without the consent of the survivor." And in In re Estate of Leavitt, *supra,* the court said: "The courts will not inquire into the need of the recipient as to the specific property mentioned, and the statute operates to transfer the title of such articles to the widow (now the surviving spouse), irrespective of whether or not she possesses sufficient separate property and estate so that her necessities do not require the allowance." It is further held that an executor who inventoried household goods but did not take possession of them could not be charged with their value. Tunnicliff v. Fox, 68 Neb. 811, 94 N. W. 1032.

We necessarily conclude that title to wearing apparel, ornaments, and household furniture passes immediately to a surviving spouse on the death of the deceased spouse, and that such property is not an asset of the estate of the deceased spouse. Such being the case, the administrator of the estate of the deceased spouse has no right to possession of wearing apparel, ornaments, and household goods of the deceased as against a surviving spouse. The trial court having come to the same conclusion, its judgment is affirmed.

AFFIRMED.