ARCADIA STATE BANK, A NEBRASKA CORPORATION, APPELLANT, V.
CARL R. NELSON ET AL., APPELLEES.
386 N.W.2d 451

Filed May 9, 1986.    No. 85-226.

I

Curtis A. Sikyta, for appellant.

No appearance for appellees.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The instant case once again points up how some cases are destined to go from bad to worse no matter how much effort the trial court may exert in attempting to assist the parties. The appellant, Arcadia State Bank (Bank), commenced this action by filing a petition in replevin in the district court for Valley County, Nebraska, seeking the immediate possession of certain items of personal property previously pledged to the Bank by the apparent owner, Carl Nelson, all of which were in the possession of Carl Nelson at the time suit was commenced. At the time that the petition in replevin was filed by the Bank, the records in the office of the clerk of Valley County, Nebraska, disclosed that the debtor, Carl Nelson, had executed a financing statement in favor of his son, an appellee in this case, Jerry Nelson. Jerry Nelson's claim, therefore, to the personal property sought to be replevied by the Bank apparently was some interest in the property acquired by reason of a financing statement and not by reason of any ownership interest. It is difficult for us to be certain as to this, however, as Jerry Nelson did not file a brief in this court. On March 2, 1984, both Carl Nelson and Jerry Nelson filed answers consisting of a general denial. Carl Nelson's wife, Ann, also filed an answer. She has not, however, appealed from the judgment entered against her,

and for the purposes of this appeal can hereafter be disregarded.

Thereafter, on May 24, 1984, the Bank served requests for admission and interrogatories on both the debtor, Carl Nelson, and his son, Jerry Nelson. Neither party filed answers to these filings, and on September 18, 1984, the Bank filed a motion seeking to have the court determine that the requests for admission were deemed admitted by reason of the Nelsons' failure to file answers. See Neb. Ct. R. of Disc. 36 (rev. 1983). At that time the Bank also moved the court to compel answers to interrogatories, which had previously been served and were unanswered, and for attorney fees and sanctions pursuant to Neb. Ct. R. of Disc. 37 (rev. 1983). Additionally, the Bank filed a motion seeking summary judgment against all defendants. A hearing on all of these motions was held on October 31, 1984, a hearing at which Jerry Nelson failed to appear.

The motion for summary judgment was supported by the Bank's petition and its affidavit in replevin, as well as by a host of documents, including the affidavit of Robert L. Sestak, vice president of the Arcadia State Bank. All that the Nelsons filed in response to the motion for summary judgment were their previous answers, which consisted of a general denial. The district court, in its order, recites the fact that the court advised the defendant Carl Nelson, the only defendant appearing at the hearing, that if he did not present further evidence the court would have no option but to find the matters requested to be deemed admitted, and then to probably grant the plaintiff's motion for summary judgment. The order then goes on to provide:

> When the Defendant continued to state to the Court that this matter was one that should be determined by the Federal District Court and that he did not did [sic] get proper representation from his attorney and did not understand the proceedings, the Court determined that the Defendant should be given a very short period of time to file any Answers to the Requests for Admissions and Interrogatories.

The order then provides that "the Defendant, Carl R. Nelson, as well as the Defendants, Jerry Nelson and Ann Nelson shall

be given until 5:00 p.m. on November 2, 1984, to Answer to the Requests for Admissions and Interrogatories served upon them by Plaintiff on or about May 24, 1984 . . . ." This was done even though Jerry Nelson never asked for additional time. The court then continued the matter until November 5, 1984, at 1 p.m. On November 2, 1984, the defendants Carl Nelson and Jerry Nelson filed what they represented to be answers to the requests for admission. Additionally, they filed answers to the interrogatories. However, the answers to interrogatories were not offered in evidence and must therefore be disregarded. Another hearing was held before the district court on November 5, 1984, and once again Jerry Nelson failed to appear.

Following the hearing on November 5, 1984, the district court entered a journal entry which provided in part as follows:

> Having now reviewed the exhibits, and all evidence presented at the hearing of November 5, 1984, the Court finds that the Defendant, Carl R. Nelson has failed to specifically deny his signature on the notes offered by the Plaintiff, and pursuant to Uniform Commercial Code, Section 3-307, the signatures are deemed admitted and, further, that the promissory notes are valid and enforceable due to the Defendant's failure to allege defenses as necessary under U.C.C., Section 3-307. The Court further finds that the stated Defendant has failed to raise defenses to the financing statements presented by the Plaintiff and the same are, therefore, valid and enforceable.

The order then goes on, however, to provide: "As to the other Defendants named, however, there has been an issue raised by their pleadings as to whether Jerry Nelson and Ann A. Nelson may have some interest in the specific property claimed by the Plaintiff." In fact, the answers filed by Jerry Nelson and Ann Nelson were virtually identical to the answer filed by Carl Nelson. Each denied that Carl Nelson was the sole owner of the property sought to be replevied.

The order then concludes by finding that judgment should be entered against Carl R. Nelson in favor of the plaintiff. The balance of the motion as to the other defendants, including

Jerry Nelson, however, was denied.

An examination of the purported admissions ultimately filed by Jerry Nelson on November 2, 1984, more than 5 months after the request was served upon him, reveals that they are, at best, evasive and inconclusive. Many of the requests for admission are denied on the basis that Nelson does not have sufficient knowledge to form an opinion as to the truth of the matter, contrary to Rule 36. Several of the requests for admission are objected to because the admissions call for legal conclusions. And still others purport to deny the request but do not give sufficient information to explain the basis for the denial, other than a claim that Jerry Nelson has some ownership interest in some, but not all, of the property. In neither his answer nor his answers to the Bank's request for admission did Jerry Nelson make any claim that, at the time of the commencement of the replevin action, any of the property in question was in his possession or that he was entitled to immediate possession from Carl Nelson. It is fair to say that Nelson's answers to the request for admission were generally not in accord with the rules promulgated by this court in the Nebraska Discovery Rules for All Civil Cases.

Trial was set for December 31, 1984. On December 24, 1984, one week before trial, Jerry Nelson moved for leave to file an amended answer in which, for the first time, he claimed to be the owner of some of the items. The amended answer did not claim that Jerry Nelson was entitled to the immediate possession of the property, but only that he had an ownership interest in some of the property in the possession of Carl Nelson. Over the objection of the Bank, Nelson was permitted to file the amended answer immediately prior to trial on December 31, 1984. A jury trial was held and, afterward, instructions given to the jury. The district court instructed the jury, in part, as follows: "JURY INSTRUCTION NO. 2 . . . . This action involves a question of ownership of property claimed by Plaintiff under security agreements and financing statements." Instruction No. 2 then went on in part to provide:

> Before the Plaintiff can recover against the Defendant, Jerry Nelson on its petition in this action, the burden is on the Plaintiff to prove by a preponderance of the evidence

that the property specifically listed in Exhibits 13 & 41, is subject to its security agreements and financing statements.

This may be shown by any of the following:

1. The property is solely owned by Carl Nelson.

2. The interest of Jerry Nelson in any property described on Exhibits 13 and 41 was acquired by Jerry Nelson after the date on which the security agreement of Exhibit 7 was filed with the Valley County Clerk.

The court then instructed the jury that "[i]f the Plaintiff has failed to establish any one or more of the foregoing numbered propositions by a preponderance of the evidence, your verdict will be for the Defendant, Jerry Nelson, as to such property."

The court then went on to further instruct the jury as follows:

JURY INSTRUCTION NO. 4

If you find after reviewing the Requests for Admissions and the Answers to the same that Jerry Nelson reasonably understood the Request and admitted to the same, you must then find that the matter admitted is conclusively established for all purposes in your determination of the issues.

Instruction No. 5 then advised the jury: "A secured creditor may not take possession of collateral in which the creditor holds a security interest in only an undivided interest."

Instruction No. 7 advised the jury: "The Arcadia State Bank has the burden of proof and must recover on the strength of its right in or to the property and not upon the weakness of Jerry Nelson's title to the property." Nowhere in the instructions was the jury advised that judgment had already been entered against Carl Nelson and in favor of the Bank. As we shall explain herein, the instructions of the court to the jury, as set out above, were erroneous and misstated the law to the jury.

Unfortunately, part of this confusion was created because the Bank made Jerry Nelson a party defendant when no property was in Jerry Nelson's possession. Replevin is an action for possession only and does not properly lie against one who is not, at the time of the commencement of the action, in possession of any of the property sought to be recovered. In

*Coomes v. Drinkwalter*, 183 Neb. 564, 566-67, 162 N.W.2d 533, 536 (1968), we said:

"The object of an action of replevin is to recover specific personal property, and liability for the value of the property accrues only if a return of the property cannot be had." Clark v. Oldham, 166 Neb. 672, 90 N.W.2d 329.

One who claims title to or the right to the possession of property replevied, adversely to the plaintiff, is not a necessary party. Annotation, 145 A.L.R. 905.

. . . .

"The person in possession of the property sought to be replevied is ordinarily the proper and only necessary party defendant, * * *." 77 C.J.S., Replevin, § 90, p. 57. See, also, Bellows v. Goodfellow, 276 Mich. 471, 267 N.W. 885; Koch v. Mack Motor Truck Corp., 201 Md. 562, 95 A.2d 105.

We then went on in *Coomes, supra* at 567, 162 N.W.2d at 536, to say:

The evidence in this case, as advanced by the defendants, shows that Roland Drinkwalter acquired the cattle in question, placed upon them his own, his son's, and his sister's brands, pastured them on his own land part of the time, and arranged for the pasturing of the cattle on the land of a neighbor where he, Roland Drinkwalter, exercised supervision over them the balance of the time. It is apparent that Roland Drinkwalter was the party in actual possession of the cattle, notwithstanding that his sister and son may have claimed some form of constructive possession by reason of their claim of ownership of a portion of the animals. As the party in actual possession of the replevied property, Roland Drinkwalter was the only necessary party and although his son and sister may have been entitled to intervene under such claim of ownership, their presence in the action was not necessary to a determination of the right to possession thereof.

In *Frank v. Stearns*, 111 Neb. 101, 106, 195 N.W. 949, 952 (1923), *modified on rehearing*, 111 Neb. 109, 198 N.W. 480 (1924), we said: " 'Replevin will not lie against one who is not

detaining the property when the writ is sued out. It is the condition of things when the suit is commenced which furnishes the ground for the action.' " See, also, *Cromwell v. Ward*, 192 Neb. 178, 219 N.W.2d 446 (1974). By adding Jerry Nelson as a party defendant in order to attempt to resolve the extent of his alleged security interest, the Bank merely confused the issues, thereby resulting in some of the problems involved in this case.

Once the district court entered summary judgment in favor of the Bank and against Carl Nelson, the only party in possession of the property sought to be replevied, the lawsuit was at an end. Had Jerry Nelson properly intervened in the lawsuit, the burden would have been upon him to show that by reason of his ownership he was, at the commencement of the action, entitled to sole possession of the property and, therefore, judgment could not have been entered in favor of the Bank and against Carl Nelson. But Jerry Nelson failed to establish, either by way of pleading or evidence, that he had a superior right of possession in the property then being held by Carl Nelson and being replevied by the Bank. As noted in 77 C.J.S. *Replevin* § 77 at 47 (1952): "As a general rule, since the main issue in a replevin action is one of title and right to possession, all matters foreign thereto must be excluded from consideration and are not available as defenses." Even if the property in fact had been owned by both Carl Nelson and Jerry Nelson, the result would not here be different. That is because Jerry Nelson, not having a superior right of possession at the time of the commencement of the action, could not himself have replevied the property from Carl Nelson.

> "Generally, where a personal chattel is owned by several persons, one part owner cannot maintain replevin for it, for the reason that all joint owners, unless there is an agreement to the contrary, * * * are equally entitled to possession of the property, and neither has the right to the immediate and exclusive possession of the property as against the other."

*First Nat. Bank v. Morgan*, 172 Neb. 849, 852, 112 N.W.2d 26, 29 (1961).

Had this property been in the possession of Jerry Nelson and not Carl Nelson, then perhaps the alleged claim of ownership

by Jerry Nelson may have been relevant. But where, as here, the evidence conclusively establishes that all of the property sought to be replevied was then in the custody of Carl Nelson, Jerry Nelson's interest was of no moment and should not have been submitted to the jury. All that the Bank was seeking to do was to obtain possession. The replevin did not give it a right to dispose of the property, only the right to have possession. Its right to dispose of the property came by reason of the security agreement signed by Carl Nelson. If, indeed, the Bank did not have the right to dispose of the property, once having acquired possession, Jerry Nelson was at liberty to bring an appropriate action to bar such disposition. That, however, was a part of a separate action and not properly a part of the replevin action.

Contrary to the instruction given by the district court to the jury, the issue in replevin is not *ownership* of the property, as suggested by the instruction, but the *right to immediate possession at the time of the commencement of the action.* As noted by the court, the right to possession is dependent upon the strength of the Bank's right to immediate possession and not upon the weakness of the title in the person having possession, in this case Carl Nelson and not Jerry Nelson.

As we noted in *Ballard v. Davenport*, 178 Neb. 293, 296, 133 N.W.2d 13, 15 (1965): "It is a fundamental rule in replevin that a plaintiff must recover on the strength of his right in or to the property and not upon any weakness of the interest of the defendant therein." The defendant in a replevin action, however, is the person in possession and not an intervenor claiming an ownership interest.

As we noted in *Bank of Keystone v. Kayton*, 155 Neb. 79, 88, 50 N.W.2d 511, 516 (1951):

> The burden is on the plaintiff in replevin to establish facts necessary for him to recover, and these must be shown to have existed at the time the action was commenced. The gist of a replevin action is the unlawful detention of the property at the inception of the suit and the rights of the parties with respect to possession of the property at that time.

Even if Jerry Nelson had an ownership interest in the property, he was not entitled to immediate possession from Carl

Nelson. Since Jerry Nelson was not entitled to immediate possession, then the Bank, which was entitled to immediate possession, could replevin the property from Carl Nelson.

This has been the law in Nebraska since the very beginning. One hundred years ago, in the case of *Blue Valley Bank v. Bane & Co.*, 20 Neb. 294, 30 N.W. 64 (1886), this court was presented with a situation not dissimilar to that in the instant case. In the *Blue Valley Bank* case one Tessier was the general owner of a stock of goods and was in debt. The bank was the owner and holder of two chattel mortgages on the stock of goods given to secure the debts which were past due. For the purpose of foreclosing the mortgages, the bank seized and took possession of the stock of goods. At or about this point of time, several firms which were general creditors of Tessier sued out writs of attachment seeking to levy upon the same stock of goods being replevied by the bank. Following trial, the court entered a judgment in favor of the bank and against the defendants for possession. The court, however, went on to find that the property replevied had a value in excess of the debt then owing to the bank and that the excess value should have been turned over to the other creditors, and therefore entered judgment for the other creditors in that amount.

On appeal this court affirmed that portion of the trial court's decree which found that the bank was, at the time of the commencement of the action, entitled to possession. This court then went on to say at 299, 30 N.W. at 67:

The action of replevin, or, as it is, I think, more appropriately termed in our state, the action for the delivery of personal property, is a statutory action, every proceeding in which is specially provided for by statute. It cannot be changed into a suit in equity, nor into one for money had and received; neither does off-set or counter-claim lie against it.

Accordingly, this court then reversed that portion of the judgment assessing damages against the bank and in favor of the other creditors for the surplus funds.

Similarly, in *Kavanaugh v. Brodball*, 40 Neb. 875, 876, 59 N.W. 517, 517-18 (1894), we held: "The cardinal question in every replevin action is whether the plaintiff therein was entitled

to the immediate possession of the property replevied at the commencement of the action." And in *Brown v. Hogan*, 49 Neb. 746, 69 N.W. 100 (1896), we again held: "The question for determination in an action of replevin, under the practice in this state, is that of the rights of the parties with respect to the possession of the property at the time of the commencement of the action." (Syllabus of the court.) In *Brown* the appellee Hogan sued to recover possession of three horses, a wagon, and a harness. It appears that Brown had previously mortgaged the property to one Boyer as security for a note. Apparently, at the time the mortgage was executed the property was actually in the possession of Hogan. Under the terms of the mortgage, Hogan was permitted to retain possession of the property until maturity. The note further provided:

"In case the mortgagee shall at any time deem himself unsafe, then, and in that case, it shall be lawful for the said mortgagee, or his assigns, by himself or agent, to take immediate possession of said goods and chattels wherever found, the possession of these presents being his sufficient authority therefor."

*Brown, supra* at 747, 69 N.W. at 101. At some point in time, Boyer assigned the note and mortgage to Brown. Thereafter, Brown maintained that the security was being impaired by reason of Hogan's neglect, and Brown took possession of the property and was proceeding to sell the property in satisfaction of the mortgage debt when it was taken from him by replevin.

On appeal this court affirmed the action of the district court granting possession to Hogan. The basis for doing so was that Brown was unreasonable in claiming that the security was not being properly cared for, and therefore Hogan was entitled to immediate possession at the time the suit was commenced. This court said in *Brown, supra* at 748, 69 N.W. at 101:

It follows that the defendant in error was entitled to the possession of the property at the date of the commencement of the action, and that the judgment in his favor is right, unless, as contended by plaintiffs in error, a different result should have been reached by reason of the maturity of the mortgage debt pending the trial of the cause upon its merits.

Appellants in *Brown* argued that even though their taking of the property at the time of the commencement of the action was improper, the note subsequently became delinquent and therefore the trial court should have taken that fact into account. Rejecting that argument, we said in *Brown, supra* at 748-49, 69 N.W. at 101:

> It is by section 191, Code of Civil Procedure, provided that in all cases where the property has been delivered to the plaintiff and the jury shall find upon issue joined for the defendant, they shall find whether the defendant had the right of property or right of possession only at the commencement of the suit, and if they find either in his favor, they shall assess such damages against the plaintiff as they may deem right and proper, for which, with costs of suit, the court shall render judgment. Section 191*a*, in substance, provides that the judgment in case of a failure of the plaintiff to prosecute, or in case of a verdict for the defendant upon the merits when the property has been delivered to the plaintiff, shall be for the return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same, and damages for withholding the property, and costs of suit, while section 192 declares that where the property has been delivered to the plaintiff and the jury shall find for the plaintiff, on issue joined, or on inquiry of damage upon a judgment by default, they shall assess adequate damages in his favor for the illegal detention of the property, for which, with costs of suit, the court shall enter judgment. These requirements have, as a rule, been held mandatory, and a compliance therewith essential in order to sustain judgments rendered in actions of replevin. [Citations omitted.] They also, as has been frequently said by this court, contemplate that the question to be determined in a controversy of this character is that of the rights of the parties with respect to the possession of the property at the time the action was commenced.

The judgment of the district court was therefore affirmed.

Unless Jerry Nelson could establish that at the time of the commencement of the replevin, he, Jerry Nelson, was entitled

to possession of the property, as opposed to either Carl Nelson or the Bank, Jerry Nelson could not recover, and the judgment in his favor in that regard was in error.

"A plea of the right to possession in a third person cannot be sustained unless the right is an absolute one." 66 Am. Jur. 2d *Replevin* § 48 at 865 (1973). See, also, *Conrad Mercantile Co. v. Siler*, 75 Mont. 36, 241 P. 617 (1925); *Rankine v. Greer, Adm'r*, 38 Kan. 343, 16 P. 680 (1888).

Permitting the jury to return a verdict finding that Jerry Nelson had an undivided one-half interest in the disputed property and to be the sole owner of certain other property was irrelevant to the issue in the case. Once the district court entered summary judgment in favor of the Bank and against Carl Nelson, who was, according to the record, the only person in possession of the property at the time the replevin was commenced, the lawsuit was at an end and nothing further was required. That was so even though the Bank made Jerry Nelson a party defendant. By making Jerry Nelson a party defendant, the Bank could not change the nature of the action in replevin. The only issue to be determined was who was entitled to immediate possession at the time of the commencement of the action. The district court did not have jurisdiction to try the issue of Jerry Nelson's interest, if any, so long as the evidence was clear that at the time of the replevin Jerry Nelson did not have possession of the property sought to be replevied or the right to immediate possession of such property. The Bank was entitled to possession of all of the subject property in Carl Nelson's possession at the commencement of the action.

While our decision herein effectively disposes of the case, nevertheless the Bank has raised several issues which we believe it is entitled to have resolved. While it is generally true that permission to either amend pleadings or have additional time in which to answer requests for admission is addressed to the sound discretion of the trial court, and absent an abuse of discretion will not be reversed, see, *First Nat. Bank v. Schroeder*, 218 Neb. 397, 355 N.W.2d 780 (1984), and *Craig v. Kile*, 213 Neb. 340, 329 N.W.2d 340 (1983), the record in this case discloses that the district court did in fact abuse its discretion in granting to Jerry Nelson both additional time in

which to answer the request for admission and to thereafter file an amended answer just before trial. Jerry Nelson already had more than 5 months to file answers, had failed to appear at any hearing, and had filed only a general denial. Furthermore, he had not asked for additional time to file answers to the Bank's request for admission. He had displayed complete lack of interest in the case, just as he did in this court. The trial court's suggestion in its order of October 31, 1984, that Carl Nelson believed that his failure to answer the Bank's request for admission should not be grounds for ordering the requests admitted because of some matter pending in the U.S. District Court, evidence of which was not before the district court, was certainly no basis for denying the Bank's request that Jerry Nelson's failure to answer should be deemed an admission of the request filed by the Bank.

When the Bank moved to have the answers deemed admitted, the district court should have sustained that motion. In *Kissinger v. School District No. 49*, 163 Neb. 33, 37, 77 N.W.2d 767, 770 (1956), we reviewed Neb. Rev. Stat. § 25-1267.41 (Cum. Supp. 1955), the forerunner of Rule 37, and said:

"Section 25-1267.41, R. S. Supp., 1951, is identical with Rule 36 of the Federal Rules of Civil Procedure. Its provisions are not merely directory, but substantial compliance therewith is required. However, they are not self-executing, and the party claiming admissions for failure to deny must prove service of a proper request in compliance therewith and failure to appropriately respond thereto. In that connection, the applicable rule here is that where a party properly serves a request for admissions of relevant matters of fact or the genuineness of relevant documents, and all objections thereto are heard and appropriately denied by the court, and the other party has been ordered to respond thereto, his failure to do so within the time alloted [sic] constitutes an admission of the facts sought to be elicited. In such situation a motion for summary judgment is appropriate and may be granted if admissions made or failure to deny as required by the statute, together with the pleadings, show that there

is no genuine issue as to any material fact or that the court is without jurisdiction of the subject matter. . . ."

We went on further in *Kissinger, supra* at 37-38, 77 N.W.2d at 770, to say:

It will be noted that the answers given to the requests for admissions are equivocal and fail to meet the requirements of the statute. It is the contention of the defendant that it may answer requests for admissions in any one of three ways, to wit, either (1) admit or deny, (2) set forth reasons why it cannot admit or deny, or (3) make objections. No proper objections appear to have been made. The attempts of defendant's counsel to explain why he could neither admit nor deny do not meet the requirements of the act. Counsel for defendant appears to have a misconception as to the duty imposed when request for admissions is served upon him under the statute. When a request for admissions is made under this section, the party served must answer even though he has no personal knowledge if the means of obtaining the information are available to him. It is not a sufficient answer that he does not know, when it appears that he can obtain the information. The information here sought was in the possession of the secretary of the district or the county treasurer of Clay County. It is immaterial that the plaintiff is acquainted with the facts as to which admission is sought. The purpose of the rule is to expedite the trial and to relieve parties of the cost and inconvenience of proving facts which will not be disputed on the trial, the truth of which can be ascertained by reasonable inquiry.

We concluded in *Kissinger, supra* at 39, 77 N.W.2d at 771, by saying: "A bad response is treated as no response at all and hence as an admission." See, also, *Mueller v. Shacklett*, 156 Neb. 881, 58 N.W.2d 344 (1953); *Geyer v. The Walling Co.*, 175 Neb. 456, 122 N.W.2d 230 (1963).

At the time that the Bank's motion for summary judgment was filed against both Carl Nelson and Jerry Nelson, an examination of the pleadings, including Jerry Nelson's answer, which consisted of a general denial and the unanswered requests for admission which therefore should have been

deemed admitted, established that there was no genuine issue of fact and that the Bank was entitled to judgment as a matter of law. Although Jerry Nelson was not a necessary party, once he filed an answer the district court had the authority to resolve the issues regarding his interest as a matter of law. The district court properly entered judgment in favor of the Bank and against Carl Nelson but failed to do so with regard to Jerry Nelson. In that respect the district court was in error. Parties who choose to represent themselves in whole or in part must be held to the same standards as are all others who appear before the courts. As we said in *Dobrovolny v. Dunning*, 221 Neb. 67, 72, 375 N.W.2d 123, 126 (1985): "If one chooses to represent himself or herself before a tribunal, one must accept the consequences of one's own failure to properly present sufficient evidence to sustain one's burden." No justification was established for denying the Bank's right to have its motions sustained, and, to that extent, the district court abused its discretion.

We further note in passing that the district court's instruction No. 4 is, likewise, not a correct statement of the law. It is not for the jury to determine whether the party upon whom a request for admission has been served reasonably understood the request and admitted the same. That is a question of law to be determined by the trial court. Thereafter, the jury should be instructed to use the admissions for such appropriate purpose as the trial court shall direct. See Rule 36.

The judgment of the district court is in part set aside and the cause remanded with directions to enter judgment granting to the Bank the right of immediate possession of the property sought to be replevied.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

WHITE, J., participating on briefs.

BOSLAUGH and HASTINGS, JJ., concur in the result.